HANS M. LINDEN, Respondent, *v.* NATIONAL CITY BANK OF NEW YORK, Appellant.

First Department, December 15, 1960.

*Henry Harfield* of counsel (*Charles C. Parlin, Jr.,* and *Charles N. Ross* with him on the brief; *Shearman & Sterling & Wright,* attorneys), for appellant.

*James W. Scott* of counsel (*Theobald J. Dengler,* attorney), for respondent.

EAGER, J. This is an appeal from an order which denied defendant's motion for summary judgment and which denied cross motion of plaintiff for summary judgment.

The plaintiff, as the agent for the ultimate buyer of quantities of American tinplate, made the arrangements through certain banks in Switzerland to open certain letters of credit in favor of Southern Cross Trading Co. of Washington, D. C., to cover the purchase price of the goods. The defendant, the National City Bank of New York, confirmed as irrevocable two of such letters of credit. The first letter of credit was in amount not exceeding $27,240, dated September 17, 1947, and was established and confirmed by defendant bank on September 22, 1947. A second letter of credit, dated October 15, 1947, was in amount of about $128,250, and was established with and confirmed by defendant on October 28, 1947. There was a third letter of credit in the sum of $156,250, established October 15, 1947, in a Switzerland bank in favor of plaintiff by the ultimate buyer of the tinplate, but it is not alleged that defendant knew of this credit.

The defendant, on receiving documents which it accepted as in compliance with the conditions of the first letter of credit, made final payment thereunder to Southern Cross Trading Co. on October 24, 1947. The plaintiff alleges and we will assume for the purpose of determining this appeal and of deciding the motion and cross motion for summary judgment that the honoring and payment out of funds by the defendant under this letter of credit of September 17, 1947, confirmed by it as irrevocable on September 22, 1947, was in breach of a condition thereof that payment thereunder was to be made only for American tinplate, first quality, to be confirmed as such by an inspection certificate of Gondrand Bros. Even further assuming, as plaintiff alleges, that such breach induced the cancellation by the ultimate buyer of its commitments underlying the second and third letters of credit, under the circumstances here, it is questionable whether the defendant's acts were in violation of any obligation or duty owing the plaintiff. (See *Courteen Seed Co.* v. *Hong Kong &*

*Shanghai Banking Corp.*, 245 N. Y. 377; *Kronman & Co.* v. *Public Nat. Bank of N. Y.*, 218 App. Div. 624; *Sztejn* v. *Schroder Banking Corp.*, 177 Misc. 719; *Kingdom of Sweden* v. *New York Trust Co.*, 197 Misc. 431.) In any event, it is clear that the plaintiff may not recover the consequential damages which are alleged to have been sustained by him by reason of defendant's alleged breach of the conditions of the first letter of credit.

The damages claimed by plaintiff consisted of his loss of brokerage commissions which, he says, were to be paid to him on the taking by the buyer of the goods which were to be paid for by means of the second and third letters of credit. It is the plaintiff's claim that the commitments of the ultimate buyer of the goods underlying the second and third letters of credit were cancelled by it because of the defendant's breach of conditions of the first letter of credit and that thereby the plaintiff lost the said commissions. It is, however, the " universal rule in cases where compensation is sought for the consequences of a wrongful or negligent act or for the violation of a contract  *  *  * that the wrongdoer, or party in default, is responsible only for the proximate, and not for the remote, consequences of his actions." (15 Am. Jur., Damages, § 18, p. 409.) Clearly, here, the plaintiff's alleged damages are not in any sense the natural and probable consequences of defendant's alleged breach of the conditions of the first letter of credit. In fact, under the circumstances alleged, the direct cause of the cancellation of the buyer's commitments underlying the second and third letters of credit would be the seller's breach of contract in its failure to furnish American tinplate, first quality. The defendant's act in paying the first letter of credit on documents showing nonconforming merchandise would be incidental only to the seller's breach of contract and would not actually be the cause of the cancellation by the buyer of its commitments. Consequently, we see no sound basis whatever for a claim by plaintiff against defendant for loss of plaintiff's commissions resulting from the cancellation of the commitments even assuming, as plaintiff claims, that the defendant acted negligently in the premises.

Order, entered September 25, 1956, insofar as appealed from, should be reversed on the law and on the facts, with $20 costs and disbursements to defendant-appellant, and defendant's motion for summary judgment dismissing the complaint granted, with $10 costs.

BREITEL, J. P., RABIN, VALENTE and STEVENS, JJ., concur.

Order, entered on or about September 25, 1956, as denies defendant's motion for an order pursuant to rule 113 of the

Rules of Civil Practice granting summary judgment in favor of the defendant dismissing the complaint, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellant, and the defendant's motion for summary judgment granted, with $10 costs.