■ RALPH J. WILSON, Plaintiff, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Defendant and Third-Party Plaintiff-Respondent. PELNIK WRECKING Co., INC., Third-Party Defendant-Appellant.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, County of Madison, which denied third-party defendant's motion to dismiss the third-party complaint. Plaintiff, an employee of the third-party defendant, seeks damages for injuries he contends he sustained when he allegedly was struck by a bolt, current or

charge of electricity from defendant's high tension wires. The main complaint charges that the defendant and third-party plaintiff had "full notice and knowledge" that heavy wrecking equipment was being used in the area where the plaintiff was employed and was injured "or in the exercise of due care, should have had, full notice and knowledge". One of the theories of the complaint is that the defendant was negligent in permitting heavy machinery to be used in proximity to its high tension wires, poles and installations without taking precautions to prevent injury to the workmen. In *De Lilli* v. *Niagara Mohawk Power Corp.* (11 A D 2d 839, 840) we said: "'In a situation in which the main complaint may be construed as charging the third-party plaintiff with passive negligence, even though it also charges him with active negligence, it has been the policy of this court not to dismiss such a complaint, but to leave the question of liability over until the examination of facts afforded at the trial.'" Both complaints, and particularly the third-party complaint, should be liberally construed at the pleading stage (*Straub* v. *Village of Livonia*, 22 A D 2d 749). In the state of the instant pleadings we agree with Special Term that the disposition of the third-party complaint should await the determination of the factual issues upon the trial (*Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112, 117). Order affirmed, with $20 costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.