Harold Baer, J.
Motion and cross motion are consolidated for disposition.
Plaintiff moves for an order, pursuant to CPLR 3213, granting it summary judgment in lieu of complaint.
Defendant cross-moves for an order granting summary judgment in its favor dismissing the action.
This is an action on a draft drawn by plaintiff upon an irrevocable letter of credit issued by defendant bank for the account of one Mel Ross, a buyer of goods from the plaintiff. The action is based upon defendant’s refusal to honor a draft presented against the letter of credit.
At the time the draft was presented, there was a balance remaining in the letter of credit in the amount of $37,919.41, which was identical to the amount of the draft. However, it is undisputed that the amount of the commercial invoice for the goods, upon which the draft was presented (and which the letter required) was in the amount of $39,206.26, or in an amount exceeding the balance remaining in the credit -of Ross under the letter.
Under article 30 of the Uniform Customs and Practice for Documentary Credits (UCP), it states in pertinent part: ‘ ‘ Unless otherwise specified in the credit, banks may refuse *820 invoices issued for amounts in excess of the amount permitted by the credit. The description of the goods in the commercial invoice must correspond with the description in the credit.”
It is to be noted that the second requirement was also breached in that plaintiff, presented invoices describing the goods as “ woolen knitwears ” whereas the letter required the description to be of “ ladies sweaters, dresses, pants and skirts as per purchase order no. 848 ”. Thus, the invoices presented for two reasons did not comply with the UCP, which is adhered to by banks throughout the world, including Canada (where defendant bank is located) and the United States of America, and which has the force and effect of law (cf. Resolution, International Chamber of Commerce, Brochure 222, p. 753), as will be elaborated upon below.
For this reason alone, the, court finds that the defendant acted properly in dishonoring the draft now sued upon. In order to effect orderly and efficient banking procedures and the international commerce amongst Nations, it is imperative that rules and regulations be adopted, and strictly adhered to, especially in the area of credit procedures. To do otherwise would only destroy the essential confidence in our international banking institutions upon which the commerce between Nations relies for its orderly and efficient business. In fact, subdivision (4) of section 5-102 of the Uniform Commercial Code states: ‘ ‘ Unless otherwise agreed, this Article 5 does not apply to a letter of credit or a credit if by its terms or by agreement, course of dealing or usage of trade such letter of credit or credit is subject in whole or part to the Uniform Customs and Practice for Commercial Documentary Credits fixed by the Thirteenth or by any subsequent Congress of the International Chamber of Commerce.”
The court notes that the letter of credit involved herein clearly sets forth that the credit is subject to the UCP. Thus, it is the UCP and not the Uniform Commercial Code which governs, and so defendant had not only the right, but the obligation to dishonor the draft.
Having found defendant acted properly upon the foregoing facts and principles, the court need not consider the other arguments upon the motion and cross motion.
Accordingly, plaintiff’s motion is denied, and defendant’s motion is granted, dismissing the action.