■ OTSEGO MUTUAL FIRE INSURANCE CO., Respondent, v ROBED AND SONS, INC., Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 1, 1977 in Otsego County, upon a decision of the court at a Trial Term, without a jury. Defendant is the successor in interest to an insurance agency named E. C. Jones & Sons, Inc. (E. C. Jones) which had entered into an agency agreement with plaintiff, an insurance company. In January, 1974, E. C. Jones issued a $70,000 fire insurance

policy on a one-family dwelling. When this policy came to the attention of plaintiff's secretary, Patrick Burke, on January 31, 1974, he telephoned Ron Jones, vice-president of E. C. Jones. During this conversation, Burke discovered that the insured property was vacant and that it was subject to a mortgage. Burke then instructed Jones to replace the policy with insurance from another company. Although Jones apparently wrote to the property owners requesting the policy back for cancellation, a fire occurred on the property on February 6, 1974, prior to any cancellation. The property owners submitted a claim to plaintiff who settled the claim for $22,000. Plaintiff then commenced this action to recover that amount from defendant. Trial Term rendered a decision in favor of plaintiff and this appeal ensued. At the trial, Burke testified that prior to his conversation with Ron Jones on January 31, 1974, he had advised the E. C. Jones agency that plaintiff did not write coverage on unoccupied dwellings. When asked to support this fact, the only evidence submitted by Burke consisted of one notice of cancellation which identified the reason for cancellation by one word, "unoccupied", and one fire daily report which was apparently canceled by telephone. These isolated cancellations could have been reasonably construed by E. C. Jones to have applied only to their own facts and circumstances and not to have general application. It is also significant that there is no mention in the agency agreement between the parties restricting insurance to occupied dwellings. In our opinion, the court's finding that E. C. Jones had sufficient notice that it was not to write coverage on vacant property is against the weight of the credible evidence. In view of the fact that it is within the power of this court to make new and appropriate findings *(Conklin v State of New York,* 22 AD2d 481), we conclude that E. C. Jones was not negligent in writing the policy in question. The trial court also found that E. C. Jones was negligent in failing to immediately contact its client and cancel the policy after being so instructed by plaintiff. In order to hold defendant liable, such failure must have been the proximate cause for the insurer's loss (see *Linden v National City Bank of N. Y.,* 12 AD2d 69). Pursuant to section 168 of the Insurance Law, seven days would be required before a notice of cancellation sent by mail is effective as against the insureds. Consequently, even if a notice of cancellation was mailed by E. C. Jones on the day he spoke to Burke, the cancellation would not have become effective prior to the fire occasioning the loss. It is apparent, therefore, that the insurer's loss was not proximately caused by the failure of E. C. Jones immediately to cancel the policy. Although the insureds were in Florida at the time E. C. Jones was instructed to replace the policy, plaintiff urges that E. C. Jones should have immediately contacted them in order to get permission to replace the policy, thus waiving the notice requirements. Whether or not the insureds would have given permission to cancel the policy is speculative, however, and such speculation, in our view, is insufficient to meet plaintiff's burden of establishing that the failure of E. C. Jones to promptly replace the policy was the legal cause of the insurer's loss. It is within the power of this court to grant the judgment which, upon the evidence, should have been granted by the trial court *(Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). Upon examination of the entire record, it is the opinion of this court that the judgment should be reversed and the complaint dismissed. Judgment reversed, on the law and the facts, and complaint dismissed, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.