■ KENNETH M. BROOKS et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58813.)—Appeal from a judgment, entered September 15, 1977 upon a decision of the Court of Claims, which dismissed the claimants' claim. Claimant Kenneth Brooks was severely injured on October 4, 1972, when the motorcycle he was operating easterly along Route 30 in the Town of Fulton, Schoharie County, crossed over the centerline and off the northerly side of said road and crashed into a guide rail that allegedly was defectively maintained by the State. Claimant alleges that he was caused to leave the roadway by striking an unidentified object on the road, and, further, that he was in the process of getting his errant cycle under control by using the guide rail as a bumper when his left leg was almost severed by a jagged edge protruding from the rail. While the Court of

Claims accepted the fact that temporary repairs by the State left the guide rail with a hole surrounded by jagged edges, it, nevertheless, concluded that "the balance of probabilities does not support the claimant's theory that the proximate cause of the accident was negligent maintenance by the State permitting a foreign object or objects in the road". While it is true that if the State's liability were to turn on an alleged duty to have all State highways clear of debris of which it has no actual or constructive notice, no responsibility would attach *(Harris v Village of East Hills,* 41 NY2d 446, 450; *Rinaldi v State of New York,* 49 AD2d 361, 363), that issue alone should not have been the predicate of the decision below. Where, as here, the evidence is complete and, accordingly, sufficient as a matter of law to support a dispositive determination, it is within the power of this court to grant the judgment which, upon the evidence, should have been granted by the Court of Claims *(Spano v Perini Corp.,* 25 NY2d 11, 19; *Shipman v Words of Power Missionary Enterprisers,* 54 AD2d 1052). Where proof of ultimate facts at the trial· level is lacking *(Power v Falk,* 15 AD2d 216) or where much depends on the credibility of witnesses and the visible indications of authoritative recollection *(Lewkowicz v State of New York,* 23 AD2d 915; *Conklin v State of New York,* 22 AD2d 481 [condemnation cases]), we usually refrain from making *de novo* findings. However, where, as here, there is uncontradicted evidence on a key factual issue which negates liability, interests of judicial economy compel exercise of the power that will end the matter *(Otsego Mut. Fire Ins. Co. v Robed & Sons,* 63 AD2d 784; *De Mayo v Yates Realty Corp.,* 35 AD2d 700). The State's expert, a Harley Davidson motorcycle dealer, testified that plaintiff's cycle had been radically altered in a manner that increased resistance to directional changes and, specifically, that removal of the front brakes reduced the stopping capability of the vehicle by 70%. In his testimony plaintiff admitted he was driving, at the time of the accident, a "chopped bike" from which the crash bars as well as the front brakes had been removed. He also stated that when he attempted to slow his motorcycle to put it into a sideswipe position, the brake "wasn't working". Plaintiff further testified that he did not see the signs warning of a curve and a reduced speed limit. Given these admissions and the expert testimony, we conclude that, despite some evidence of State negligence in not timely repairing the guide rails, the obvious negligence of the plaintiff in operating a motorcycle deliberately made less safe than originally intended proximately caused the accident or at the very least contributed to its occurrence so as to preclude recovery (cf. *Bacon v Celeste,* 30 AD2d 324). Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., JJ., concur; Mikoll, J., not taking part.