Israr **AHMED and System Engineering Ltd., Plaintiffs,**

v.

**NATIONAL BANK OF PAKISTAN, Wall Street, New York Branch, Syed Mahmood Haider, Manager of National Bank of Pakistan, Wall Street, New York Branch, Terex Export Division, a Unit of Ati, Arif Durrani and Sikander Durrani, Defendants.**

**No. 82 Civ. 4950 (DNE).**

United States District Court, S.D. New York.

Sept. 27, 1983.

Paulette M. Owens, New York City, for plaintiffs.

Dunn & Zuckerman, P.C., New York City, Jeffry L. Feldman, New York City, of counsel, for defendants Nat. Bank of Pakistan, N.Y. Branch and Syed Mahmood Haider.

## MEMORANDUM OPINION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

EDELSTEIN, District Judge:

### INTRODUCTION

In this action plaintiffs Israr Ahmed ("Ahmed") and System Engineering Ltd. ("System") allege that defendant National Bank of Pakistan, Wall Street, New York Branch, (the "Bank") and the Bank's general manager, defendant Syed Mahmood Haider ("Haider") negotiated and wrongfully paid a letter of credit and conspired with the beneficiary of the letter of credit to defraud plaintiffs. Plaintiffs claim that as a consequence of the defendants' actions, they have been damaged in the amount of $5,000,000.

The Bank and Haider have moved pursuant to Fed.R.Civ.P. 56(c) to dismiss the complaint and for summary judgment on the grounds that there are no genuine issues of material fact and that, as a matter of law, the complaint fails to state a claim upon which relief can be granted. The same defendants have also moved pursuant to Fed.R.Civ.P. 37 to dismiss the complaint on the ground that plaintiffs willfully failed to comply with an order of the court requiring production of certain documents requested by defendants.

### FACTUAL BACKGROUND

On October 16, 1978, National Bank of Pakistan, Karachi Branch, opened letter of credit No. KCY/DEF/3/84489 (the "letter of credit") in favor of defendant Terex Export Division, a unit of ATI, which is a California corporation ("Terex"). The letter of credit was opened at the request and for the account of the Controller of Military Accounts, Karachi, Pakistan to arrange for

the payment of certain aircraft equipment ordered by the Directorate of Procurement of the Government of Pakistan from Terex. Terex was the beneficiary under the letter of credit. One of the documents required for presentation under the letter of credit is described in the letter of credit as an "FAA/FCC Certificate (whichever is applicable)." No specimen form of the "FAA/FCC Certificate" was provided to the Bank. See Deposition transcript of Israr Ahmed, dated February 2, 1983, p. 76. On November 1, 1978, the Bank advised Terex of the opening of the letter of credit.

On January 18, 1979 Terex submitted to the Bank its draft in the amount of $20,470.00 together with accompanying documents for the purpose of drawing against the letter of credit. One of the documents presented to the Bank purported to be an "FAA Certificate."[1] On January 26, 1979 an officer of the Bank, S.A. Quddusi, examined the draft and documents submitted by Terex and found them to be in accordance with the terms and conditions of the letter of credit and that the Bank should honor and pay the Terex draft. See Affidavit of S.A. Quddusi, sworn to April 12, 1983, ¶¶ 3–7. On January 29, 1979 the Bank made payment to Terex in the amount of $20,402.53, having deducted bank charges of $67.47. Subsequently, it was determined that the purported "FAA Certificate" was false.[2] Plaintiffs allege that the correct quantity of goods was not shipped to Pakistan and that as a consequence the government of Pakistan demanded payment from plaintiffs for the loss or replacement of certain supplies. See Complaint, ¶¶ 37–40.

On July 29, 1982 plaintiffs Ahmed and System commenced the instant action. Ahmed and System allege that the Bank and Haider wrongfully made payment of the letter of credit to Terex by failing to exercise due care in not detecting that one of the documents required under the letter of credit was nonconforming. Plaintiffs contend that as a result of defendants' actions they have been damaged in that they have not received compensation for their services and have been held responsible by officials of the Pakistan government for the failure to provide the correct quantity of goods.[3] See Complaint, ¶¶ 23–25. Plaintiffs further allege that the Bank and Haider conspired with defendants Terex, and Arif Durrani and Sikander Durrani, who are shareholders of Terex, to destroy plaintiffs' business, and that Terex, and Arif and Sikander Durrani are liable for breach of contract. Plaintiffs bring this action as third-party beneficiaries under the letter of credit contract. Jurisdiction is predicated under 28 U.S.C. § 1332.

On April 12, 1983 Ahmed and the Bank moved pursuant to Fed.R.Civ.P. 56(c) to dismiss the complaint and grant summary judgment in their favor on the grounds that plaintiffs have no standing to assert any claims under the letter of credit and that as a matter of law the payment of the letter of credit was proper and defendants have not engaged in a conspiracy to harm plaintiffs' business. Ahmed and the Bank have

---

1. The document bears the letterhead of "Terex Export Division" and reads as follows:

    CERTIFICATE
    Contract # M/219/412110/P–41 dated 10.9.1978
    Letter of credit # KCY/DEF/3/84489
    This is to certify that the following documents have been sent and completed in all respects by registered airmail direct to directorate of procurement(af) No. 1, Liaquot Barracks, Karachi, and to the consignee.
    1. Airway Bill
    2. Invoices, three copies.
    3. Letter of Warranty of DPL–15
    4. FAA/FCC Certificate
    R. Reilly
    Export Manager

Date: January 18, 1979

2. Plaintiffs allege that defendants Terex, Arif Durrani and Sikander Durrani presented the nonconforming document to the Bank. See Complaint, ¶¶ 29–32.

3. Plaintiffs acted as what is known in Pakistan as an "indenting agent" for the beneficiary of the letter of credit, Terex, in connection with the purchase and sale of the subject equipment. In this capacity, System acts on behalf of the seller and executes the contract of sale and receives a commission when the contract is satisfactorily performed. See Affidavit of Syed Mahmood Haider, sworn to April 12, 1983 ("Haider Affidavit"), ¶¶ 11–12.

also moved pursuant to Fed.R.Civ.P. 37 to sanction the plaintiffs by dismissing the complaint for their alleged failure to comply with discovery orders of the court.

## DISCUSSION

### A. Plaintiffs' Standing to Bring the Action

Plaintiffs purport to bring this action as third-party beneficiaries under the letter of credit agreement. The court has searched the record for some coherent exposition of the plaintiffs' assertion of standing, but has found none.[4] Apparently, plaintiffs' assertion of standing is based on their notion that as agents for Terex they stood to benefit from the transaction underlying the letter of credit, and that therefore they enjoy the status of third-party beneficiaries of the letter of credit itself.

The Uniform Customs and Practice for Documentary Credits (1974 Revision) International Chamber of Commerce Brochure No. 290 (the "UCP") is incorporated in and governs the subject letter of credit.[5] *KMW International v. Chase Manhattan Bank, N.A.*, 606 F.2d 10, 15 (2d Cir.1979); *Oriental Pacific (U.S.A.), Inc. v. Toronto Dominion Bank*, 78 Misc.2d 819, 357 N.Y.S.2d 957 (Sup.Ct.1974). *See* § 5–102(4) of the Uniform Commercial Code (Article 5 of the Uniform Commercial Code inapplicable where UCP applies). General Provision C of the UCP provides that "[c]redits, by their nature, are separate transactions from the sales or other contracts on which they may be based and banks are in no way concerned with or bound by such contracts." *See Marino Industries, Inc. v. Chase Manhattan Bank, N.A.*, 686 F.2d 112 (2d Cir.1982). Under the Bank's contract, it owed a duty to its customer, the Controller of Military Accounts, Karachi, Pakistan. *See Venize-los, S.A. v. Chase Manhattan Bank, N.A.*, 425 F.2d 461, 464–65 (2d Cir.1970).

Article 3 of the UCP provides in pertinent part:

An irrevocable letter of credit is a definite undertaking of an issuing bank and constitutes the engagement of that bank to the beneficiary ... that the provisions for payment, acceptance of negotiations contained in the credit will be duly fulfilled, provided that all the terms and conditions of the credit are complied with.

The beneficiary of the letter of credit in this case was Terex, not plaintiffs, and Terex received the payment due under the letter of credit. Thus, under the UCP plaintiffs cannot assert any claims based on the letter of credit against the Bank. *Vazman, S.A. v. Fidelity International Bank*, 418 F.Supp. 1084, 1086 (S.D.N.Y.1976); *cf. Dulien Steel Products, Inc. v. Bankers Trust Co.*, 298 F.2d 836, 840–42 (2d Cir.1962).

Nor can plaintiffs assert claims against the Bank as common law third-party beneficiaries of the letter of credit. Under New York law for a third-party to sue on a contract there must be evidence that the parties to the contract intended to confer some benefit upon the third-party. *Owens v. Haas*, 601 F.2d 1242, 1250–51 (2d Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); *Port Chester Electric Construction Co. v. Atlas*, 40 N.Y.2d 652, 655–56, 389 N.Y.S.2d 327, 330–31, 357 N.E.2d 983, 986–87 (1976). Plaintiffs are nowhere referred to in the letter of credit, and, while that is not dispositive as to whether they were intended beneficiaries, *see Cutler v. Hartford Life Insurance Co.*, 22 N.Y.2d 245, 253, 292 N.Y.S.2d 430, 438, 239 N.E.2d 361, 369 (1968), there is no basis for inferring such intent. The Bank here had no dealings with or knowledge, constructive or actual, of Ahmed or System

---

**4.** The court also notes that plaintiffs: (a) failed to file their response to the instant motions in a timely fashion; and (b) failed to file a "statement of material facts" as required under Local Rule 3(g), and accordingly, under Rule 3(g) the material facts set forth in the movants' statement are deemed admitted.

**5.** The letter of credit is Exhibit A to Defendants' Memorandum of Law in Support of Motion for Summary Judgment.

until more than a year and a half after the draft was made against the letter of credit. *See* Haider Affidavit, ¶¶ 7–10. Clearly, plaintiffs are merely incidental beneficiaries under the letter of credit. *See Vazman, S.A. v. Fidelity International Bank, supra.*

The two cases relied upon by plaintiffs in support of its third-party beneficiary theory are clearly inapposite to the present case. In *Beckman Cotton Co. v. First National Bank of Atlanta,* 666 F.2d 181 (5th Cir. 1982), the court found that under Georgia law a cotton seller was an intended third-party beneficiary and thus had standing to sue as a third-party beneficiary on a letter of credit for the sale of its cotton. The court's holding, however, was predicated on two salient facts which make the result inapplicable to the present case. The court found that the only reason the cotton seller was not named in the letter of credit was because a United States government agency, the Commodity Credit Corporation, acted as an intermediary, and its name appeared instead in the letter of credit. Further, the court placed great weight on the finding that the bank had sent a copy of the letter of credit to the cotton seller. By contrast, in the instant case, the plaintiffs' names do not appear anywhere on the letter of credit, and there is no record that the Bank had any knowledge of the existence of the plaintiffs, much less any communication with them, until long after the letter of credit was drawn against.

Similarly, *Investitions—Und Handels—Bank A.G. v. United California Bank International,* 277 F.Supp. 1005 (S.D.N.Y.1968) is simply irrelevant and never addresses the issue of third-party beneficiary standing. In that case the plaintiff negotiated and ultimately opened a letter of credit for one of its customers with the defendant bank. In addition, the bank, as did the bank in *Beckman Cotton Co.,* advised plaintiff when a draft was drawn against the letter of credit. As discussed previously, here there were no communications between plaintiffs and the Bank with respect to opening the letter of credit or effectuating any transactions thereto, and hence there is no evidence that the Bank knew, much less intended,

the plaintiffs to be third-party beneficiaries. Accordingly, the court concludes plaintiffs have no standing to assert any claims under the letter of credit as third-party beneficiaries.

In their fifth claim, plaintiffs also seek damages based on a negligence theory that the Bank owed a duty of care to them. As with their assertion of standing as third-party beneficiaries, plaintiffs have offered no explanation for their claim that the bank owed them a duty of care. Again the only basis for plaintiffs' claim of standing is that they acted as agents for Terex in facilitating the underlying purchase of aircraft equipment. *See* Complaint ¶ 83. As discussed above, the Bank's duty under the UCP is owed to the beneficiary and/or account party of the letter of credit. To the extent that a bank may owe a duty to third parties under a letter of credit, there is no basis in the present case for making such a finding. The Bank had no knowledge of or dealings with plaintiffs with respect to establishing or drawing against the letter of credit, nor were plaintiffs referred to in the letter of credit. It is beyond peradventure that "[w]ithout duty, there can be no breach of duty and without a breach of duty there can be no liability." *Williams v. New York,* 308 N.Y. 548, 557, 127 N.E.2d 545 (1955); *see Pulka v. Edelman,* 40 N.Y.2d 781, 782–83, 390 N.Y.S.2d 393, 394–95, 358 N.E.2d 1019, 1020–21 (1976). In conclusion, the court finds plaintiffs have no standing to assert claims under the letter of credit as parties to whom the defendants owed a duty of care.

### B. The Conspiracy Claim

Plaintiffs' third claim is that the Bank, Haider and the other defendants engaged in a "plan, scheme and conspiracy to defraud plaintiffs of the full quantity of the aircraft equipment, [and] of the full value of the proceeds of the Letter of Credit." Complaint, ¶ 69. Under New York law there is no substantive tort of conspiracy. *See e.g., Louis Marx & Co., Inc. v. Fuji Seiko Co.,* 453 F.Supp. 385, 392 (S.D.N.Y. 1978); *ABCKO Industries, Inc. v. Lennon,*

52 A.D.2d 435, 384 N.Y.S.2d 781, 784 (N.Y. App.Div.1976). Notwithstanding this general rule, a few cases have recognized a limited tort of conspiracy " 'to do an unlawful thing, or to do a lawful thing in an unlawful manner.' " *Arlinghaus v. Ritenour,* 622 F.2d 629, 639 (2d Cir.), *cert. denied,* 449 U.S. 1013, 101 S.Ct. 570, 66 L.Ed.2d 471 (1980), *quoting* 8 N.Y.Jur., Conspiracy § 1, at 494 (1959). Plaintiffs, however, can prove no set of facts in support of a conspiracy claim which would entitle them to relief. The allegation of conspiracy is merely duplicative of the other claims and accordingly is dismissed. *Polyglycoat Corp. v. C.P.C. Distributors, Inc.,* 534 F.Supp. 200, 204 (S.D.N.Y.1982).

*C. Defendants' Motion for Sanctions*

■ Defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 37 to sanction plaintiffs for their failure to respond to defendants' discovery requests. The requests were made pursuant to an Order of this court and were necessitated by plaintiffs' failure to provide requested documentation.[6] As of the date the motion was made these documents had yet to be provided. *See* Affidavit of Jeffry L. Feldman, sworn to April 12, 1983, ¶ 6. Moreover, plaintiffs have wholly failed to respond to this motion by defendants. The court finds that counsel for plaintiffs intentionally disregarded the discovery order, and accordingly the costs necessitated by defendants in making the motion under Rule 37 will be assessed against her.

### CONCLUSION

By reason of the foregoing the defendants' motion pursuant to Fed.R.Civ.P. 56(c) is granted and the complaint is dismissed. Insofar as no service has been effected on the other defendants, the action is hereby also dismissed.

Defendants' motion pursuant to Fed.R. Civ.P. 37 is also granted. Counsel for defendants shall submit an affidavit setting forth the costs incurred in making the Rule 37 motion and the court will issue an appropriate order specifying the amount of the sanction assessed against plaintiffs' counsel.

SO ORDERED.

---

**6.** The Order of the Court, dated February 7, 1983, directed the plaintiffs to furnish the following:

1. A copy of the contract executed by System Engineering Ltd. and CMA No. H/219/412110/P–41 dated August 10, 1978.

2. Copies of three contracts and tenders wherein System Engineering Ltd. acted on behalf of Terex Export Division, a Unit of ATI.

3. Copies of tax returns for System Engineering Ltd. and Mr. Israr Ahmed for the years 1974 through 1982.

4. Copies of all contracts and tenders between System Engineering Ltd. and governmental agencies of the Government of Pakistan.

5. Any and all documentation reflecting lost business opportunities of System Engineering Ltd. and Mr. Israr Ahmed individually.