STERLING NATIONAL BANK &
TRUST COMPANY OF NEW
YORK, Plaintiff,

v.

FEDERATED DEPARTMENT STORES,
INC., Defendant.

No. 83 Civ. 6054 (DNE).

United States District Court,
S.D. New York.

June 19, 1985.

OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiff, Sterling National Bank and Trust Company of New York ("Sterling"), claims that defendant Federated Department Stores ("Federated") is liable for goods sold and delivered by Grant & Sloan, Inc. ("G & S"). Sterling factored the accounts receivable of G & S. Plaintiff moved this court for leave to amend their complaint to add a charge of conspiracy to defraud. Defendants cross-moved for summary judgment to dismiss the initial claim. The motion for summary judgment is granted and the motion for leave to amend is denied.

DISCUSSION

I. Summary Judgment

G & S is a furniture manufacturer that sold merchandise to Burdine's, a department store owned by defendant Federated. G & S factored their accounts receivable to Sterling. Factoring is the purchasing of accounts receivable. Sterling seeks to recover $128,609.21 from Federated based on these accounts receivable. The accounts receivable reflect merchandise that Sterling claims was delivered from G & S to a warehouse operated by Best-Way Mini Hall, Inc. ("Best-Way"). Sterling contends that Best-Way was the agent of Burdine's/Federated and that delivery to Best-Way constitutes delivery to Burdine's/Federated.

Defendant bases its motion to dismiss the initial complaint on a claim that Best-Way was not the agent of Burdine's. To support this claim, defendant submitted the deposition of the president of Best-Way, Jerry Baldwin. The deposition indicated that Best-Way was not the agent of Burdine's. Specifically, Mr. Baldwin stated that Best-Way was paid by G & S, delivered G & S merchandise to G & S customers other than Burdine's, received instructions from G & S, and sent receipts to G & S. Deposition of Jerry Baldwin at 8–10.

Neal Fellenbaum, New York City, for plaintiff; Jerrold Gilbert, New York City, of counsel.

Whitman & Ransom, New York City, for defendant; Paul M. Brown and Michele D. Pinsky, New York City, of counsel.

He also stated that Best-Way didn't "have any contract with Burdine's whatsoever," *id.* at 10, and that it was working on behalf of G & S as their agent, *id.* at 11.

Once evidence supporting judgment in favor of the moving party is introduced, Rule 56(e) requires the non-moving party to respond by setting forth specific facts showing that there is a genuine issue for trial. As stated by the Second Circuit: "[w]hen the movant comes forward with facts showing that his adversary's claim is baseless, the opponent cannot rest on the allegations of the complaint but must adduce factual material which raises a substantial question of the veracity or completeness of the movant's showing or presents countervailing facts." *Beal v. Lindsay,* 468 F.2d 287, 291 (2d Cir.1972). If he does not do so, summary judgment, if appropriate, shall be entered against him. Fed.R.Civ.P. 56(e).

Plaintiff has not submitted any affadavit, deposition or other evidence to oppose the evidence offered by defendant. Plaintiff merely refers to the deposition of Jerry Baldwin where it was indicated that Best-Way performed similar services for other vendors who did business with Burdine's, Deposition of Jerry Baldwin at 22–23 and 25–29, and that Best-Way was on a recommended list of direct delivery agents submitted to vendors by Burdine's, *id.* at 28. This does not present facts that would indicate any agency relationship between Best-Way and Burdine's.

■ In its memorandum of law, plaintiff states that the testimony of Mr. Baldwin "is clearly tainted by continuing self-interest and must be discounted in its entirety." Plaintiff's Memorandum of Law at 12. If the credibility of the movant's witness is challenged by the opposing party and specific bases for possible impeachment are shown, summary judgment should be denied. There must, however, be more than mere allegations in a memorandum of law to place credibility in issue and preclude summary judgment; specific facts must be produced. *Rinieri v. Scanlon,* 254 F.Supp. 469, 474 (S.D.N.Y.1966); *see Vantage Point, Inc. v. Parker Bros., Inc.,* 529 F.Supp. 1204, 1214 (E.D.N.Y.1981), *aff'd mem.,* 697 F.2d 301 (2d Cir.1982).

■ Because defendant has introduced evidence that would make plaintiff's claim baseless and plaintiff has failed to come forward with any evidence to indicate that there are material issues of fact, summary judgment in favor of the defendant on the original complaint is appropriate and is hereby granted.

## II. Amendment of Complaint.

■ Plaintiff moves to amend the complaint to include a claim of conspiracy to defraud.[1] The claim involves a Direct Delivery Procedures Agreement ("DDPA") entered into between Burdine's and G & S. Plaintiff contends that the effect of the DDPA was to shift the responsibility for delivering G & S merchandise and to defer payment by Burdine's until merchandise had been delivered to customers even if Burdine's had already been paid by the customer. Plaintiff further contends that G & S and Burdine's did not disclose information regarding the DDPA to Sterling and that Burdine's employees made fraudulent misrepresentations to Sterling, thus perpetrating a fraud.

---

1. In New York, there is no substantive tort of civil conspiracy. *Ahmed v. National Bank of Pakistan,* 572 F.Supp. 550, 554 (S.D.N.Y.1983); *Powell v. Kopman,* 511 F.Supp. 700, 704 (S.D.N.Y.1981), however a limited tort of conspiracy to do an unlawful thing, or to do a lawful thing in an unlawful manner has been recognized, *Arlinghaus v. Ritenour,* 622 F.2d 629 (2d Cir.), *cert. denied,* 449 U.S. 1013, 101 S.Ct. 570, 66 L.Ed.2d 471 (1980); *Ahmed v. National Bank of Pakistan, supra,* 572 F.Supp. at 555. Unlike criminal conspiracy where the conspiracy itself is the crime, a plaintiff in a civil conspiracy action may recover damages only for any overt act or acts. *Powell v. Kopman,* 511 F.Supp. 700, 704 (S.D.N.Y.1981); *Kajtazi v. Kajtazi,* 488 F.Supp. 15, 21 (E.D.N.Y.1978). The conspiracy is "the string '... whereby the plaintiff seeks to tie together those who, acting in concert, may be held liable for any overt act.' " *Id.* (quoting *Rutkin v. Reinfeld,* 229 F.2d 248, 252 (2d Cir.), *cert. denied,* 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60 (1956) ).

Leave to amend should be given freely. Fed.R.Civ.P. 15(a). Leave should be granted

[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Defendant claims that the action has no merit and that the proposed amendment should not be permitted because it would be futile. This position is based on its contention that Burdine's had no duty to disclose the nature of the DDPA to Sterling and that this lack of a duty precludes any claim of fraudulent failure to disclose.

■ While it is true that a duty to disclose must be present in order for nondisclosure to constitute fraud, *Aaron Ferer & Sons, Ltd. v. Chase Manhattan Bank, N.A.,* 731 F.2d 112, 123 (2d Cir.1984), such a duty may exist in this case. Plaintiff alleges a conspiracy to defraud between Federated and G & S. The factoring agreement between G & S and Sterling may have created a duty to disclose the nature of the DDPA by G & S. The alleged breach of this duty by G & S would impose liability on G & S's co-conspirators for aiding in the non-disclosure. The co-conspirators would also be liable for any fraud based on misrepresentation by another co-conspirator. Thus, any liability for fraudulent non-disclosure on the part of Federated would not stem from a duty created by the relationship between Federated and Sterling but from the relationship between Sterling and G & S. *See Polyglycoat Corp. v. C.P.C. Distributors, Inc.,* 534 F.Supp. 200, 204 & n. 6 (S.D.N.Y.1982).

■ Plaintiff also alleges that employees of Federated made fraudulent misrepresentations to Sterling regarding the relationship between G & S and Federated. Unlike fraudulent nondisclosure, the tort of fraudulent misrepresentation does not require the existence of an independent duty. *Compare* Restatement (Second) of Torts § 525 (1977) (liability for fraudulent misrepresentation) *with id.* § 551 (liability for nondisclosure). The duty under the latter arises from making the statement. Thus, Federated may have direct, as opposed to conspiratorial liability for fraudulent misrepresentations.

■ Defendant also claims that the motion to amend the complaint is not timely. This claim does not reflect the events of this case. The court required the parties to submit a joint pre-trial order before filing the motion to amend so that the delay in filing the motion was in part based on the court's instruction. Further, the defendant does not point to any prejudice that would result from the filing of the amended complaint but merely states that "such prejudice is manifest." Defendant's Memorandum of Law at 14. No witnesses or evidence are claimed to have been lost and the events are not so distant that the memories of the parties or witnesses have been dulled. The motion to amend the complaint is therefore not untimely.

■ The proposed amended complaint is not satisfactory in one respect. Rule 9(b) of The Federal Rules of Civil Procedure requires that fraud be pleaded with particularity, specifically plaintiff must plead the time, place and content of an alleged false representation. *McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 228 (1st Cir.1980); *Felton v. Walston & Co.,* 508 F.2d 577, 581–82 (2d Cir.1974). Rule 9(b) also applies to claims of fraudulent nondisclosure. *Herm v. Stafford,* 663 F.2d 669, 683–84 (6th Cir.1981). The particularity requirement of Rule 9(b) serves three purposes: first, to inhibit the filing of a complaint as a pretext for discovery for unknown wrongs; second, to protect potential defendants from the harm that comes to their reputation when charged with a crime involving moral turpitude; and third, to ensure that allegations of fraud are sufficiently concrete and particularized so that

the defendant has notice of what conduct is complained of, thus enabling the defendant to prepare a defense. *Gross v. Diversified Mortgage Investors*, 431 F.Supp. 1080, 1087 (S.D.N.Y.1977), *aff'd mem.*, 636 F.2d 1201 (2d Cir.1980).

In this light, the Proposed Amended Complaint certainly does not meet the standards set by Rule 9(b) and cannot be accepted. The Proposed Amended complaint contains only conclusory allegations regarding fraudulent representations, Proposed Amended Complaint at ¶ 12,[2] and fraudulent concealment, *id.* at ¶ 11.[3] Based on the failure to satisfy the pleading requirements of Rule 9(b), the motion to amend the complaint is denied without prejudice.

## CONCLUSION

Defendant's motion for summary judgment is granted and judgment entered for defendant on the claim in the original complaint. Plaintiff's motion to amend the complaint to include a cause of action for conspiracy to defraud is denied without prejudice based on the failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure.

---

**2.** Paragraph 12 of the Proposed Amended Complaint alleges that "[e]mployees of Federated made various fraudulent representations to Sterling regarding the relationships between Federated and G & S. Such fraudulent representations were known to be false by the employees of Federated at the time they were made to Sterling."

**3.** Paragraph 11 of the Proposed Amended Complaint alleges that "[t]hrough various devices, employees of Federated, alone and in concert with others, did willfully, intentionally and fraudulently conceal from Sterling the existance, operation and actual and intended effects of the DDPA and the true relationships between Federated and G & S."