SIDNEY L. WARSAWER, Respondent, *v.* JOSEPHINE F. BURGHARD, Defendant, Impleaded with GEORGE KREMER, Appellant.

First Department, January 15, 1932.

*Joseph Lotterman* of counsel [*Alexander Pfeiffer* with him on the brief; *Pfeiffer & Crames*, attorneys], for the appellant.

*William Kaufman*, for the respondent.

MARTIN, J. The plaintiff alleges that in or about the month of January, 1929, he was employed as a real estate broker by the defendant Burghard, to procure a purchaser for property owned by him and located at No. 852 Sixth avenue, borough of Manhattan, New York city; that the plaintiff procured a purchaser, namely, the defendant, appellant, George Kremer, who entered into a contract of sale with the said Burghard on February 6, 1929. The contract price was $175,000, which amount was paid by the defendant Kremer and the property deeded to him; that the contract of purchase and sale contained a clause in which the defendant Kremer agreed to indemnify the defendant Burghard for any sum recovered from him growing out of a claim for commissions in this transaction; that plaintiff has earned his commission in the sum of $3,625 and that no part of this sum has been paid by either defendant.

The sole question presented upon this appeal is whether the fact that the defendant, appellant, George Kremer has agreed to indemnify Burghard against any claim for commissions, gives the plaintiff a cause of action against defendant Kremer.

It is asserted by respondent that there is no question that the plaintiff produced a purchaser ready, willing and able to purchase, who did enter into a contract of purchase, which contract was duly performed. That alone does not render anybody liable. To recover against the seller the plaintiff must allege and prove a contract and performance or a breach thereof. The only allegation in the complaint which affects the defendant, appellant, is contained in paragraph 5, as follows: " That under and pursuant to the terms of said contract of purchase and sale, the defendant Kremer agreed to indemnify the defendant Burghard against any claim of the plaintiff for commissions for bringing about the sale of said premises."

We are of the opinion that this plaintiff may not maintain an action as a third party beneficiary against the defendant, appellant, as indemnitor upon the agreement entered into between the indemnitor Kremer and the defendant Burghard.

In *Skinner Bros. Mfg. Co., Inc.*, v. *Shevlin Engineering Co., Inc.* (231 App. Div. 656; affd., 257 N. Y. 562) this court said: " Nor does the complaint state a cause of action against the defendant, appellant, United States Fidelity and Guaranty Company. The only theory upon which the plaintiff could assert a cause of action against the defendant surety company is that the bond of indemnity was made for the benefit of the plaintiff. A complete answer to this contention is the fact that under the terms of the indemnity agreement the surety company did not agree to pay anything

to the plaintiff, nor did it agree to do anything for the plaintiff. The agreement was not made for the benefit of the plaintiff. It was, on the contrary, made solely for the benefit of the defendant Transit Corporation, the obligee named therein."

The plaintiff must look for commissions which he says he earned, to the defendant Burghard, with whom he made the contract and by whom he says he was employed to sell this real estate, unless he is in a position to show that defendant Kremer agreed with the plaintiff to pay same. The complaint does not allege any such agreement.

In *French* v. *Vix* (143 N. Y. 90) the Court of Appeals said: " If it [the agreement sued on] be treated as a contract of indemnity it could impose no liability because Henry not being liable there was nothing to call the indemnity into operation. The indemnitors could not be liable unless the party to be indemnified became liable. If it be claimed that this clause in the contract was intended for the benefit of the plaintiff, and that, therefore, she can enforce it, there are two answers to such a claim. It cannot be said that it was inserted for her benefit. The parties did not intend to provide indemnity against damages for which they were in no way liable. The sole purpose of the clause was the indemnity of Henry, and he alone, or some one in his right could in a proper case enforce it."

The Special Term referred in its decision to section 193 of the Civil Practice Act in support of its contention that a valid and subsisting cause of action had been stated by the plaintiff against the defendant, appellant. That section has no application. In this case the plaintiff is attempting to join a party who owes no obligation to him of any kind whatsoever. Subdivision 3 of section 193 (as amd. by Laws of 1923, chap. 250) refers expressly to an application made on behalf of an individual who is not yet a party to the suit, and cannot possibly apply to any such claim as that of the plaintiff in this action. That section cannot possibly serve to substantiate the respondent's contention that he may sue upon the agreement of indemnity on the theory that he was the party intended to be benefited thereby.

The court at Special Term also held that, applying the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268), the complaint was sufficient against the defendant, appellant. As we view that doctrine it has no application to the state of facts set forth in the complaint. (*Seaver* v. *Ransom*, 224 N. Y. 233.)

The contract of indemnity was for the benefit of the defendant Burghard and not for the benefit of the plaintiff. Even Burghard

must prove his right to indemnity before he will be entitled to recover from Kremer.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint as to defendant George Kremer granted, with ten dollars costs.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.