■ FICOR, INC., et al., Appellants, v NATIONAL KINNEY CORPORATION et al., Respondents.—Order of the Supreme Court, New York County, entered April 20, 1978, denying plaintiffs' motion for partial summary judgment on the issue of liability on the first cause of action unanimously modified, on the law, with one bill of $75 costs and disbursements to plaintiffs, to the extent of granting partial summary judgment on the issue of liability against all defendants to whom the motion was addressed except defendant National Kinney Corporation, severing the first cause of action from the second and directing an immediate trial on the issue of damages on the first cause of action only after said defendants have had an opportunity to depose plaintiffs and purchasers on that issue and otherwise affirmed. Contrary to the contention of defendants that none of them is liable to plaintiffs, there can be no doubt that all defendants to whom the motion was addressed, except defendant National Kinney Corporation, are liable to plaintiffs under the first cause of action. Paragraph 31 of the contract of sale dated March 11, 1977 for the various parcels of and interests in real property and securities to which that cause of action relates recognizes plaintiffs as brokers in connection with the sale and provides that "sellers agree to pay the commissions and other compensation due" plaintiffs "and to indemnify and hold harmless Purchaser in respect thereof". All defendants (other than Uris 1301 Company) with the exception of defendant National Kinney Corporation were specified in that contract as sellers. Paragraph 51 of the same agreement contains an undertaking by defendant National Kinney Corporation (who was not the record owner of the parcels but rather the parent corporation of a number of defendants) "guarantee[ing] performance of the obligations of sellers". Paragraph 31, containing a promise expressly made by defendants sellers "to pay the commissions and other compensation due" plaintiffs, was clearly intended for the benefit of plaintiffs. Accordingly, although purchasers rather than defendants sellers employed plaintiffs as broker and plaintiffs were not parties to the contract (which was between defendants sellers and defendant guarantor on the one hand and purchasers on the other) plaintiffs may sue thereon and recover as third-party creditor beneficiaries (see *Lawrence v Fox,* 20 NY 268; cf. *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655-656) as against defendants sellers. That paragraph is not simply an agreement for indemnification of purchasers as in *Warsawer v Burghard* (234 App Div 346), cited by Special Term in support of its decision. The paragraph provides for more, i.e., payment of the commissions and other compensation directly by defendants sellers to plaintiffs. As such, paragraph 31 represents an admission by defendants sellers

that plaintiffs rendered some services with respect to the transaction and are entitled to the reasonable value thereof (see *Cohon & Co. v Russell,* 23 NY2d 569, 575), a conclusion reinforced by other documentary evidence in the record. *Larkin v Metropolitan Life Ins. Co.* (28 Misc 2d 451), relied upon by respondents, is distinguishable from the case at bar in that the contract in *Larkin* expressly provided that it was not intended to benefit third parties and moreover the plaintiffs in that case were donee, not creditor beneficiaries. The subsequent agreement, dated September 19, 1977, executed by the same parties as had entered into the contract of sale dated March 11, 1977, is insufficient to defeat the claims of plaintiff, third-party creditor beneficiaries whose rights had already vested (see *Lawrence v Fox, supra,* pp 274-275). Said parties by such agreement after the fact, cannot bring this case within the ambit of *Warsawer v Burghard (supra).* Under paragraph 51 of the contract of sale, defendant National Kinney Corporation was a mere guarantor of the performance of the obligations of defendants sellers. As such, that paragraph was intended for the benefit of purchasers and not third parties and hence plaintiffs have no standing to sue thereon *(Warsawer v Burghard, supra).* The "immediate trial" to which plaintiffs are entitled on the issue of damages (CPLR 3212, subd [c]) should be held in abeyance until defendants have had an opportunity to depose plaintiffs and purchasers on that issue *(Blasi v Checker Fuel Oil Corp.,* 20 Misc 2d 359; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.14). The remaining contentions of defendants in opposition to plaintiffs' appeal have been considered and found to be without merit. Concur—Kupferman, J. P., Birns, Fein, Lane and Sandler, JJ.