■ JEROME H. BARR et al., as Executors of MILTON KAUFMAN, Deceased, Respondents, v HYMAN RAFFE, Appellant and Third-Party Plaintiff. PUCCINI CLOTHES, LTD., et al., Third-Party Defendants. — Order of the Supreme Court, New York County, entered on January 14, 1983 (Alvin F. Klein, J.) is modified, on the law, the facts and in the exercise of discretion, to the extent of striking interrogatories Nos. 1, 5, 6, 7 and 12, denying plaintiff's motion for a protective order in respect to the first set of interrogatories served by the defendant Raffe on December 10, 1982, and directing the plaintiffs to answer the interrogatories as revised within 15 days of service upon them of a copy of this court's order, with costs, and otherwise affirmed. Order of the Supreme Court, New York County, dated March 17, 1983 (Alvin F. Klein, J.) is reversed, on the law, the facts and in the exercise of discretion and plaintiff's motion for a protective order is denied and the plaintiffs are directed to appear for deposition upon oral examination and to produce such documents as are described in the interrogatories served on December 10, 1982, which also request such documents, to the extent that said documents relate solely to the issue of attorney's fees, costs, damages and penalties sought to be recovered in the second and third causes of action, said deposition to take place on a date and time agreed to by the parties, but in no event later than 30 days following service upon the plaintiffs of a copy of this court's order, with costs. Appeal from the order of Supreme Court, New York County, March 8, 1983 (Alvin F. Klein, J.), is dismissed, without costs, since no appeal lies from the denial of a motion to reargue. Following the grant of summary judgment to plaintiffs as to defendant Raffe's liability upon certain unconditional guarantees given by him to plaintiff's testator, defendant sought to resume his efforts to obtain discovery which had been stayed by reason of the pendency of the motion for summary judgment (CPLR 3214, subd [b]). He again served a set of interrogatories, identical to those previously served. Plaintiffs' opposition to these interrogatories, as expressed in their motion for a protective order, was predicated solely on the ground that, in granting summary judgment against the defendant Raffe on the second and third causes of action of complaint wherein recovery of damages in excess of $150,000 was sought for "attorneys' fees", and "costs, penalties and expenses, direct and indirect", the court had directed that the matter be "[s]et down for an immediate assessment of the" damages. Notwithstanding the fact that an immediate trial had been granted by memorandum decision dated October 28, 1982, no order was entered thereon until January 11, 1983. In granting the motion for a protective order

in its determination of January 11, which resulted in the order of January 14 appealed from, Special Term found that "[t]he demand for interrogatories, which are overbroad and burdensome, can only serve to delay the proceedings." Significantly, the January 11 order entered on the October 28 memorandum decision granting an "immediate trial", provided, in what is apparently the customary form, that the calendar clerk should place the matter on the appropriate calendar "upon the filing of a Note of Issue and Statement of Readiness and payment of proper fees." Defendant's motion to reargue the grant of the protective order similarly was denied. On or about January 31, 1983, he served a notice of deposition upon oral examination and a demand for document production for discovery pursuant to CPLR 3120 (subd [a]), seeking documents specified in the interrogatories previously served in December, 1982. Plaintiffs had, meanwhile, on or about February 1, filed their note of issue and statement of readiness in which they represented that no discovery proceedings were required, that there were no outstanding requests for discovery, that there had been a reasonable opportunity to complete (discovery) proceedings. In any event, plaintiff moved by notice dated February 14, 1982, returnable March 2, 1983, for a protective order against the notice of deposition and document production, once more claiming that defendant's attempts to obtain discovery were "deliberately calculated toward unnecessarily delaying plaintiffs' right to an immediate assessment of damages on their second and third causes of action". Defendant opposed this motion and cross-moved to vacate the note of issue and statement of readiness and was joined in his motions by Puccini Clothes, Inc., one of the third-party defendants liable to indemnify Raffe on his liability to the plaintiffs. Once again Special Term granted a protective order, holding that "[t]he defendant's notice for discovery at this late date could only serve to delay the proceedings." Special Term's repeated observation that defendant's effort to obtain discovery came at a "late date" and "could only serve to delay the proceedings" overlooks the fact that defendant's earlier attempt to have discovery through interrogatories was thwarted by plaintiffs' motion for summary judgment. Defendant promptly renewed his efforts to obtain discovery once that stay was lifted by the grant of summary judgment. Indeed, defendant served a new set of interrogatories even before plaintiffs had settled an order on the October 28 decision granting summary judgment. The fact that the issue of liability had conclusively been determined adversely to defendant and an "immediate trial" ordered on the issue of damages, should not and does not deprive him of his right to discovery on that issue. Indeed, this court has said in a situation where it directed summary judgment in favor of a plaintiff on the issue of liability and directed an "immediate trial" on the issue of damages, that "[t]he 'immediate trial' to which plaintiffs are entitled on the issue of damages (CPLR 3212, subd [c]) should be held in abeyance until defendants have had an opportunity to depose plaintiffs and purchasers on that issue (*Blasi v Checker Fuel Oil Corp.*, 20 Misc 2d 359; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.4)" (*Ficor, Inc. v National Kinney Corp.*, 67 AD2d 659, 660). To paraphrase the apt observation by the court in *Blasi v Checker Fuel Oil Corp.* (*supra,* at p 360), "[a] defendant already found liable * * * should not be driven blindly into a hearing to assess damages without prior opportunity to prepare for it, otherwise a speedy hearing would amount to punishment [of a defendant] who may be genuinely unaware of the true nature and extent of plaintiff's [damages] * * * It would thus seem that the immediate hearing mandated by the rule should take place after the plaintiff's [damages] are made known to the defendant [through appropriate discovery], procedurally possible by plaintiff's compliance with the readiness rule." Concur — Kupferman, J. P., Sandler, Sullivan and Alexander, JJ.

Fein, J., dissents in a memorandum as follows: I respectfully dissent. There was no abuse of discretion by Special Term. The order of events is revealing. Defendant's interrogatories in issue were first served prior to plaintiffs' motion for summary judgment. Defendant's cross motion to strike the complaint for failure to respond to the interrogatories was denied upon the grant of summary judgment to plaintiffs. We are informed that the issue will be before us on defendant's appeal from the order granting plaintiffs' motion for summary judgment. Nonetheless, defendant served the self-same set of interrogatories after the grant of summary judgment against him. Manifestly the bulk of the interrogatories dealt with the issues of liability already resolved against defendant. Indeed, in his affidavit in opposition to the motion for a protective order, defendant concedes his purpose to be an inquiry into matters involving liability. Special Term properly found the interrogatories "overbroad and burdensome". Instead of seeking leave to serve proper interrogatories, defendant appealed. The majority now indulges his plain failure to comply with the rules by pruning his interrogatories, despite the well-settled rule that the function of pruning interrogatories is that of the party who serves them, not to be passed on to the other side or to the court (*Comstock & Co. v City of New York [Bower Bay WPCP]*, 80 AD2d 805; *Vancek v International Dynetics Corp.*, 78 AD2d 842; *Itzkoff v Allstate Ins. Co.*, 59 AD2d 854). Immediately after his interrogatories were vacated, defendant pursued another tack by serving a notice of deposition upon oral examination and a demand for document production for discovery pursuant to CPLR 3120 (subd [a]), seeking the self-same documents which had twice been previously denied by the court. Special Term properly vacated the notice. Nonetheless, the majority now does the pruning job with respect to defendant's latest notice which task he deliberately shirks. Thus defendant is granted a court-fashioned document request and deposition despite his indifference to its rules and decisions. In my view, the cases cited by the majority are not apposite. *Blasi v Checker Fuel Oil Corp.* (20 Misc 2d 359) was a negligence case. Plainly a defendant found liable for damages on a motion for summary judgment in a negligence action is entitled to examine a plaintiff before the assessment to determine the extent of his injuries and damages. In *Ficor, Inc. v National Kinney Corp.* (67 AD2d 659), also cited by the majority, this court granted summary judgment to a third-party beneficiary against some defendants on the issue of liability arising out of a complicated contract for the sale of parcels of real property and securities. The plaintiff, not a party to the contract, was the purchasers' broker and sought recovery from the sellers and guarantors. Manifestly there were questions concerning what services were rendered and to whom, requiring discovery before the assessment, as this court properly found. That case palpably has nothing to do with ours and provides no pertinent guidance. Here the only issue is the extent of attorney's fees and expenses and the computation of penalties and expenses. The record establishes defendant is well aware of what is involved. An appropriate demand for a bill of particulars would have sufficed. Defendant blatantly chose to ignore the necessary and proper rules. We should not tolerate this abuse of the discovery process, which has become all too frequent. Special Term has adequate procedures for dealing with the problem. We should not interfere unless Special Term plainly abuses its discretion. This is not such a case.