## (January 26, 1984)

■ GENERAL INSTRUMENT CORPORATION, INC., Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. — Judgment, Supreme Court, New York County (Manuel A. Gomez, J.), entered August 5, 1982, after a Bench trial, in favor of plaintiff in the amount of $250,000, with statutory interest, is unanimously reversed, on the law and the facts, and is remanded for a new trial on damages, with costs to abide the event. Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered on October 28, 1981, which granted the motion of plaintiff to vacate defendant's notice to produce, is reversed, on the law and the facts, and the motion denied, without costs and without disbursements. Plaintiff was in the business of manufacturing, designing and selling a computerized payment system called Documate. Defendant, a large utility company, was interested in acquiring the Documate system to do its customer billing in a faster and more economical way than the punch-card system it was then using. By a series of letters of intent, dated December 1, 1973, July 7, 1974 and August 12, 1974, defendant, in substance, authorized plaintiff to commence work designing a Documate system to meet defendant's specifications, and defendant agreed that if it did not purchase the system by September 16, 1974, it would reimburse plaintiff for its costs that were incurred prior to that cutoff date, including profit, up to a maximum of $250,000. Eventually defendant decided not to purchase the equipment designed for it by plaintiff, and, in addition, defendant refused to reimburse plaintiff for its costs. In 1976, plaintiff commenced action against defendant to recover damages for breach of contract. After issue was joined, plaintiff moved for summary judgment. Ultimately, by resettled order of the Supreme Court, New York County (Alvin F. Klein, J.), entered on March 18, 1980, plaintiff's motion was granted only insofar as to find the defendant liable and a hearing

was directed to be held for an assessment of the damages sought by plaintiff. This court then affirmed the resettled order (79 AD2d 929) and subsequently, the Court of Appeals dismissed defendant's motion for leave to appeal (52 NY2d 968). Shortly before the trial on damages was to commence, defendant served and filed a notice to produce, which plaintiff moved to vacate. Special Term granted plaintiff's motion, upon the basis that defendant had presented insufficient reasons to justify overlooking the fact that defendant had waited almost six years before seeking this information. Defendant did not appeal from this nonfinal order until after the entry of judgment concerning the damage trial. We are reviewing this "non-final * * * order [to the extent] which [it] necessarily affects the final judgment" (CPLR 5501, subd [a], par 1 [material in brackets added]; *Champion Int. Corp. v Dependable Inds. Corp.*, 47 AD2d 473, 475), and as indicated herein, conclude that the motion to vacate the notice to produce should have been denied. The parties then proceeded to trial without a jury. After the submission of evidence was completed, Trial Term found that plaintiff was entitled to damages in the amount of $250,000, with statutory interest. Our review of the trial record leads us to conclude that a number of errors were committed, which mandate that we order a new trial. We find that Trial Term's decision "does not comply with the requirements of CPLR 4213 (subd [b]) which provides that a court's decision * * * 'shall state the facts it deems essential'. While the statutory requirement does not mean that the court need set forth the evidentiary facts contained in the record, it should set forth those ultimate or essential facts relied upon in reaching its decision" (*Fischer v Fischer*, 45 AD2d 917). "There is no way of knowing [from reading Trial Term's decision] what ultimate facts the court found to support the conclusion" that plaintiff was entitled to the amount of the judgment it was awarded by Trial Term (*Power v Falk*, 15 AD2d 216, 218 [material in brackets added]). Furthermore, we find that defendant was deprived of its right to discovery on the issue of damages (*Barr v Raffe*, 96 AD2d 800) by Special Term's abuse of discretion in vacating defendant's notice to produce and Trial Term's erroneous rulings quashing defendant's subpoenas for the production of documentary evidence during trial. The consequence of these discovery determinations by Special Term and Trial Term was to prejudicially prevent defendant from adequately being able to rebut or delve into the proof offered by plaintiff. Moreover, despite the fact that in the instant case "the intention of the parties [was] clearly and unambiguously set forth" (*Hall & Co. v Orient Overseas Assoc.*, 65 AD2d 424, 428, affd 48 NY2d 958 [material in brackets added]) to the effect that defendant was only liable to reimburse plaintiff for its costs and profits incurred up to the cutoff date of September 16, 1974, we find that Trial Term erroneously permitted plaintiff to introduce evidence of costs incurred after this cutoff date. Concur — Ross, J. P., Silverman, Lynch, Milonas and Kassal, JJ.