■ EDWARD S. GORDON COMPANY, INC., Respondent, v BLODNICK, SCHULTZ & ABRAMOWITZ, P. C., et al., Appellants.—Order, Supreme Court, New York County (Harold Baer, Jr., J.),

entered February 24, 1988, granting plaintiff's motion for summary judgment on the second cause of action and for dismissal of the counterclaims, unanimously affirmed, with costs and disbursements.

In this action to recover a brokerage commission on the procurement of a sublease, plaintiff alleges in its second cause of action that it is the intended third-party beneficiary of certain agreements between defendants Blodnick, Schultz & Abramowitz, P. C. (BSA), a firm of attorneys, and Midland International Marketing Services Corporation. That it may recover as a third-party beneficiary is beyond dispute. Plaintiff was expressly identified by name in paragraph 11 of the sublease as one of "the brokers who brought about this [sublease] transaction" and to which "brokerage fees due to the brokers shall be paid in accordance with the terms contained in a separate written agreement between [BSA and Midland] dated January 17, 1986." The latter agreement expressly states that "[plaintiff] and Goldsmith Associates, Inc. were the brokers who brought about the [sublease] transaction" and sets forth the BSA/Midland apportionment for payment of the commission due. That apportionment is further set forth in a second January 17, 1986 BSA/Midland/Goldsmith agreement and confirmed in a subsequent March 24, 1986 BSA/Midland letter agreement. Under *Lawrence v Fox* (20 NY 268) and its progeny, plaintiff is entitled to enforce those contracts for the payment of its commission. BSA disingenuously argues, *inter alia,* that the unambiguous contract language does not reflect the parties' intent and does not mean what it says. In our view the language could not be clearer. Moreover, as this court noted in *Ficor, Inc. v National Kinney Corp.* (67 AD2d 659), it "represents an admission by defendants * * * that plaintiff * * * rendered some services with respect to the transaction and [is] entitled to the reasonable value thereof". If anything, the language here is clearer than in *Ficor.* Thus, defendants have failed, as a matter of law, to demonstrate the existence of a factual issue requiring a trial. *(See, Zuckerman v City of New York,* 49 NY2d 557.) The assertion of a shadowy semblance of an issue is not enough. *(Gelb v Bucknell Press,* 69 AD2d 829, 830.) Defendants' other contentions are equally without merit. Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Wallach, JJ.