■ R.V.R. REALTY, LLC, Respondent, v TENANTS ALLIANCE et al., Appellants. [761 NYS2d 158] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 9, 2001, as amended by an order, same court and Justice, entered August 24, 2001, in an action by a landlord against a tenants' association and its members for a turnover of rent collected by the association pursuant to a court-ordered stipulation in prior proceedings, in favor of plaintiff and against defendants in the amount of $76,320.17, plus interest, costs and disbursements, and severing defendants' counterclaims for breach of the warranty of habitability, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered August 24, 2001, which, inter alia, denied defendants' motion to reject the Special Referee's report finding that defendants owe plaintiff $76,320.17, plus interest, costs and disbursements, from the Special Referee's decision, entered on or about April 23, 2001, and from order, same court and Justice, entered May 8, 2000, which denied defendants' motion to dismiss a portion of plaintiff's claim for rent as time barred, unanimously dismissed, without costs.

The order of reference directed the Special Referee to determine whether defendants had provided an adequate accounting of the rent it collected and, if not, to supervise a further accounting. The Special Referee fairly performed that task through a combination of testimony, written accountings and exhibits that are adequate to permit review of her essential findings of fact (CPLR 4319; *cf. General Instrument Corp. v Consolidated Edison Co.,* 99 AD2d 460 [1984]). Those findings, that the association collected $77,366.27 in rent from its members that it never turned over to the landlord and spent $1,046.10 on repairs, are substantially supported by the record and should not be disturbed (*see Namer v 152-54-56 W. 15th St. Realty Corp.,* 108 AD2d 705 [1985]).

Based on those findings, the motion court properly directed that judgment be entered in favor of the landlord for $76,320.17, and severed defendants' counterclaims for breach of the warranty of habitability. Although breach of the warranty of habitability is an affirmative defense to a claim for rent arrears (*see 664 W. 161 St. Tenants Assn. v Leal,* 154 AD2d 238, 239-240 [1989]; *Ansonia Assoc. v Ansonia Residents' Assn.,* 78 AD2d 211, 217-218 [1980]), circumstances here warrant that the habitability claims be tried separately (CPLR 603). First, the landlord is not seeking possession (*compare id.*). Second, for the period that the landlord claims unpaid rent, a court-ordered stipulation was in effect that, as practically construed by the parties, gave the tenants a 50% abatement of rent, and gave the association the right to collect the other 50% until the landlord completed certain repairs, and without prejudice to the tenants' rights under the warranty of habitability for conditions that arose or were discovered after the date of the stipulation. The association claims a right of offset against the unabated portion of the rent it collected, for money it spent itself to make repairs and for breaches of the warranty of habitability. The amount of money spent on repairs was resolved by the Special Referee. As for the alleged breaches of the warranty of habitability, the tenants have already received a 50% abatement for those breaches in existence at the time of the stipulation, and fail to articulate any poststipulation breaches sufficiently to warrant a further delay in payment of the rent arrears.

The association's collection of unabated rents had its genesis in the prior stipulation. A cause of action for breach of contract accrues when the breach occurs (*see Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402 [1993]). The breach here occurred not when the association collected the rents, which it

was entitled to do, but when it refused to turn over the rents after the landlord had completed the repairs it was obligated to perform and demanded the unabated rents (CPLR 206 [a]). Until that time the landlord was not entitled thereto. Accordingly, the action is timely since it was brought within six years of the landlord's demand (CPLR 213 [2]).

We have considered defendants' other arguments and find them unavailing. Concur—Nardelli, J.P., Sullivan, Rosenberger, Wallach and Gonzalez, JJ.