■ CONDREN, WALKER & CO., INCORPORATED, Appellant, v ROBERT WOLF et al., Respondents. [796 NYS2d 596]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 27, 2003, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

Plaintiff alleges that the former holders of certain long-term notes are liable to plaintiff for brokerage commissions arising from a past transaction. In 2001, the former noteholders sold the long-term notes to defendant 96-97th Street, LLC (the purchaser) pursuant to a note purchase agreement (the 2001 agreement) among the former noteholders, the purchaser, and defendants Robert Wolf and Joseph Chetrit, also known as Meyer Chetrit, who guaranteed certain of the purchaser's obligations under the 2001 agreement. In this action, plaintiff sues the purchaser, and Wolf and Chetrit as guarantors, to recover the former noteholders' alleged outstanding liability for plaintiff's brokerage commissions. It is plaintiff's theory that, under the terms of the 2001 agreement, the purchaser assumed the former noteholders' liability to plaintiff, and that plaintiff has standing to sue the purchaser (and Wolf and Chetrit, as

guarantors) to recover such liability as an intended third-party beneficiary of the 2001 agreement. In lieu of answering the complaint, defendants moved to dismiss based on documentary evidence (CPLR 3211 [a] [1]), arguing that the 2001 agreement, on its face, merely obligates the purchaser to indemnify the former noteholders for any liability they might have to plaintiff, thereby negating any inference that plaintiff is an intended third-party beneficiary of that contract. Supreme Court agreed, and granted the motion.

We reverse. It cannot be said that the 2001 agreement, on its face, establishes as a matter of law that plaintiff is not an intended third-party beneficiary of the purchaser's assumption of the former noteholders' liability (if any) for plaintiff's commissions. While the purchaser's obligation under the 2001 agreement to indemnify the former noteholders against any liability to plaintiff would not, by itself, be sufficient to render plaintiff an intended third-party beneficiary of the agreement (see *Warsawer v Burghard*, 234 App Div 346 [1932]), the 2001 agreement creates more than just a duty to indemnify. Specifically, section 4.3 provides that the purchaser "assumes all liability, if any, which the Selling Noteholders may have with respect to the Brokerage Commissions [including those allegedly owed to plaintiff]." Further, section 4.3 requires the purchaser to "exercise its best efforts to obtain from each of the Brokers [including plaintiff] a release of any claim that such broker may have against each of the Selling Noteholders with respect to the Brokerage Commissions." At a minimum, these provisions requiring the purchaser to "satisfy an obligation of the promisee[s] [the former noteholders] to pay money to the beneficiary" (*Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44 [1985], quoting Restatement [Second] of Contracts § 302 [1] [a]) raise a factual issue as to whether plaintiff was an intended beneficiary of the 2001 agreement (see *Joseph P. Day Realty Corp. v Chera*, 308 AD2d 148, 153 [2003]). Finally, since Wolf and Chetrit agreed to guarantee not merely the purchaser's obligation to indemnify the former noteholders, but also the purchaser's "performance of its obligations with respect to Brokerage Commissions as set forth in Paragraph 2.3 and 4.3 of the [2001 agreement]," each such guarantor is also potentially liable to plaintiff to the extent set forth in the guaranty he executed. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sweeny, JJ.