■ ZEV W. CHAYES, Respondent-Appellant, v ELLEN P. CHAYES, Appellant-Respondent. [814 NYS2d 115]—

Order, Supreme Court, New York County (Laura Visitation-Lewis, J.), entered April 5, 2005, insofar as it confirmed in part and disaffirmed in part a report by a special referee which recommended the signing of plaintiff's proposed court order acceptable for processing, unanimously reversed, on the law, without costs, the report disaffirmed and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The parties were married in April 1981. In July 1989, the husband, who at that time was employed as a doctor with the Department of Veterans Affairs (DVA), instituted an action for divorce. Among the assets subject to equitable distribution in the divorce were the husband's pension and survivor benefits. In September 1994, after exchanging numerous drafts between counsel and working with a pension expert, the parties executed a separation agreement. A divorce judgment was entered on December 6, 1994. With respect to the husband's pension, the settlement agreement required the wife to submit a mutually acceptable court order acceptable for processing (COAP)* to the United States Office of Personnel Management (OPM) at DVA. On December 14, 1994, the wife sent OPM a certified copy of the divorce judgment and a copy of the parties' separation agreement. She did not contact the husband or his counsel before submitting these documents to his employer. In January 1995, OPM sent the husband a letter which stated:

---

* The term court order acceptable for processing, or "COAP," is a term used under the Federal Civil Service Retirement System for an order dividing pension assets. Such orders must comply with Federal Civil Service Regulations.

"[Y]our former spouse has applied for a portion of your future retirement benefits.

"COURT ORDERED DIVISION OF EMPLOYEE ANNUITY.

"The order requires us to withhold a portion of any retirement benefits payable to you in the future and pay that portion to your former spouse. We will calculate your former spouse's portion based upon the provisions of the court order. The method provided in the court order for determining your former spouse's share is: Pro rata share of the gross annuity of your Civil Service Retirement Benefits.

"If you disagree with the method used to compute your former spouse's portion, you must obtain, and submit to OPM, an amended court order clarifying the method of computation.

"CONTESTING THE VALIDITY OF THE COURT ORDER

"OPM must honor court orders that appear to be valid and that the former spouse has certified is currently in force. We must continue to honor the court order until you submit satisfactory proof that the order is invalid or no longer in effect. We are required to do just what the court has directed. If you disagree with the result you will need to ask the state court for clarification."

Seven years later, on April 22, 2002, the husband commenced this action. He alleged that defendant wife had breached the separation agreement by failing to file a mutually acceptable COAP. The husband submitted, and moved to have the court accept, a counterproposed COAP. The wife cross-moved for summary judgment. She alleged that the husband's claims were barred by the six-year statute of limitations applicable to actions for breach of contract. She also argued that the 1994 filing of the agreement and the judgment of divorce with the OPM constituted performance of her obligations under the separation agreement regarding the COAP. The IAS Court referred the case to a referee to hear and report on whether the wife had complied with the terms of the separation agreement. As relevant, the referee recommended that the court adopt the husband's proposed COAP. The IAS court confirmed those portions of the referee's report recommending acceptance of the husband's proposed COAP, and disaffirmed other portions. We reverse, and dismiss the complaint.

This action, which alleges breach of the parties' separation agreement, is barred by the applicable six-year statute of limitations (CPLR 213 [2]; *see Hoffman v Cannone*, 206 AD2d 740 [1994]). In September 1994, the parties executed a separation agreement which contemplated the future negotiation of a

COAP. Although the agreement did not set a time limit for the filing of a mutually acceptable COAP, the statute of limitations began to run upon the date of the alleged breach of the separation agreement. In this case, the breach occurred no later than the date the husband received the January 10, 1995 letter notifying him that his former wife had filed documents with OPM which were being treated as a binding COAP (*Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]; *see R.V.R. Realty v Tenants Alliance*, 305 AD2d 289, 290-291 [2003]).

The husband's argument that the wife should be estopped from asserting a statute of limitations defense because his attorney was actively involved in negotiations concerning language to be used in the COAP between September 27, 1994 and the April 22, 2002 commencement of this action is not persuasive. Other than the husband's testimony that he consulted with attorneys, the record contains no evidence that the husband contested or attempted to amend the COAP filed with his employer. Thus, there is nothing to preclude the application of the six-year breach of contract statute of limitations to bar this action (*Riley v Riley*, 179 AD2d 750 [1992]). In view of the foregoing, we need not address the parties' other contentions. Concur—Mazzarelli, J.P., Andrias, Marlow, Gonzalez and Sweeny, JJ.