■ ROBERT J. STEIN et al., Respondents, v SECURITY MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant. MOORE INSURANCE AGENCY, Third-Party Defendant-Appellant-Respondent. [832 NYS2d 679]—

Kane, J. Appeal from an order of the Supreme Court (Spargo, J.), entered January 25, 2006 in Albany County, which, inter alia, granted plaintiffs' motion for summary judgment.

In November 2002, third-party defendant, Moore Insurance Agency, submitted plaintiffs' application for homeowners insurance to defendant. Pursuant to the agency agreement between defendant and Moore, defendant was bound by the policy at the time that Moore accepted the application and initial premium payment. The submitted application was unsigned and indicated that no prior loss claims had been experienced in the past five years. Upon receipt and processing of the application, defendant

conducted an investigation and discovered that plaintiffs had several prior loss claims, with the most recent occurring in the month preceding submission of the application. Defendant sent plaintiffs a notice of cancellation dated December 18, 2002 stating that, pursuant to Insurance Law § 3425, defendant was cancelling plaintiffs' policy effective January 20, 2003 due to misrepresentations regarding loss history on the application.

On January 3, 2003, a tree fell through plaintiffs' roof, damaging their home. Defendant denied plaintiffs' claim related to this loss, then sent a second cancellation notice declaring plaintiffs' policy void from its inception and returned their premium payment. Plaintiffs commenced this action alleging breach of contract and seeking a declaration that defendant must indemnify them for their loss. Defendant commenced a third-party action against Moore seeking indemnification. In response to motions for summary judgment submitted by all parties, Supreme Court granted plaintiffs' motion and denied defendant's and Moore's motions. Defendant and Moore appeal.

It is undisputed that the application for insurance was never signed by either plaintiff, the application did not reflect any prior losses and plaintiffs had several loss claims in the five years preceding submission of the application. Deposition testimony of plaintiff Robert J. Stein and Moore's employee differ diametrically as to whether they met face-to-face to fill out the application and whether Stein ever disclosed prior losses to Moore. Regardless of whose error resulted in incorrect prior loss information appearing on the application, the application contained a material misrepresentation. Everyone acknowledges that the answer to the loss information question misrepresented the true facts (*see* Insurance Law § 3105 [a]). Sworn statements by Moore's employee and defendant's employee, and defendant's underwriting policy bulletins, establish that defendant would not have issued the insurance policy at issue if the application had disclosed water damage claims in the past three years, making the misrepresentations material (*see* Insurance Law § 3105 [b], [c]; *compare Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 437-438 [2003]; *Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754-755 [1999]).

Because the application for insurance contained material misrepresentations, defendant could have rescinded plaintiffs' policy, rendering it void ab initio (*see* Insurance Law § 3105 [b]; *Curanovic v New York Cent. Mut. Fire Ins. Co., supra* at 436). Defendant did not do so. Unlike areas in which insurance coverage is mandatory, such as workers' compensation and automobile liability, here, the general right of rescission for misrepresenta-

tion was not supplanted by any specific statute (*compare Matter of Cruz v New Millennium Constr. & Restoration Corp.*, 17 AD3d 19, 22 [2005]; *Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d 293, 297-298 [2000]). As defendant elected to cancel plaintiffs' policy rather than rescind it (*compare* Insurance Law § 3105 [b], *with* Insurance Law § 3425 [b]; *see* 2004 Ops NY Ins Gen Counsel, Aug. 18, 2004, No. 6), the policy was in full force until the cancellation notice's stated effective date of January 20, 2003. Supreme Court correctly issued plaintiffs a judgment and a declaration that defendant was required to indemnify them for their January 3, 2003 loss, as that loss occurred before the cancellation date chosen by defendant and was thus covered by the policy.

Moore was entitled to summary judgment dismissing the third-party complaint. For defendant to prevail against its agent, Moore, on either a negligence or breach of contract theory, Moore's conduct had to be the proximate cause of defendant's damage (*see Otsego Mut. Fire Ins. Co. v Robed & Sons*, 63 AD2d 784, 785 [1978]; *see also General Acc. Ins. Co. v Smith & Assoc.*, 184 AD2d 616, 617 [1992]). While a dispute exists regarding whether plaintiffs or Moore are responsible for the inaccurate information on the application, this outstanding issue will not prevent a grant of summary judgment because Moore is entitled to such relief under either version (*see Brooks v Blue Cross of Northeastern N.Y.*, 190 AD2d 894, 895 [1993]). Regardless of who was at fault for the inclusion of incorrect loss information, defendant discovered this error prior to December 18, 2002. With that knowledge in hand, defendant chose to cancel plaintiffs' policy as of a future date rather than void it from its inception. This choice by defendant, not Moore's earlier conduct, proximately caused the damages alleged in the third-party action (*see New Horizons Amusement Enters. v Zullo*, 301 AD2d 825, 827 [2003]).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's motion for summary judgment; motion granted and third-party complaint dismissed; and, as so modified, affirmed.