◼ PRIME COMMERCIAL, L.L.C., Doing Business as COLDWELL BANKER COMMERCIAL PRIME PROPERTIES, INC., Respondent, v JAMES S. ROGNER et al., Appellants. [861 NYS2d 435]—

---

Mercure, J.P. Appeal from an order of the Supreme Court (Hard, J.), entered October 29, 2007 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff, a real estate broker, commenced this action after defendants allegedly refused to pay an agreed-upon broker's fee of approximately $81,000. In June 2001, defendants contracted to sell their property in the Town of Malta, Saratoga County, to the nonparty purchaser, Prime Management, LLC. The contract stated that defendants were represented by counsel and that the agreement was contingent upon counsel's approval. In addition, the contract of sale indicated that the transaction was brought about by plaintiff's efforts and that defendants agreed to pay a broker's fee of 8% to plaintiff at the time of transfer of title. Nevertheless, when the parties closed on the property in January 2005, defendants refused to pay the broker's fee.

Following joinder of issue, plaintiff moved for summary judgment. Supreme Court granted the motion, concluding that plaintiff was a third-party beneficiary under the contract of sale and that defendants failed to raise any questions of fact in response to plaintiff's prima facie showing of breach of contract. Defendants appeal and we now affirm.

"Where a contract of sale or lease agreement admits the broker's performance of services and includes an express promise by the seller to pay the broker's commission, the broker is entitled to summary judgment on its claim for a commission as a third-party beneficiary of the contract or lease" (*Joseph P. Day Realty Corp. v Chera*, 308 AD2d 148, 152 [2003] [citations omitted]; *see Edward S. Gordon Co. v Blodnick, Schultz & Abramowitz*, 150 AD2d 212, 213 [1989], *lv denied* 74 NY2d 613 [1989]; *Ficor, Inc. v National Kinney Corp.*, 67 AD2d 659, 659-660 [1979]; *see also Halstead Brooklyn, LLC v 96-98 Baltic, LLC*, 49 AD3d 602, 603 [2008]; *Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64, 67 [1999]; *Cornelia & Broad Sts. v Chase*, 186 AD2d 341, 342 [1992]; *but see Hevia v Wheelock*, 155 App Div 387, 389-390 [1913]). Here, defendants agreed in paragraph 16 of the contract of sale that plaintiff brought about the sale and that they would pay the broker's commission as provided in a separate agreement. "Addenda A," which is also signed by defendants and the purchaser, further provided that defendants "acknowledge[ ] that the [p]urchaser is represented by [plaintiff], . . . [which] is requiring a fee of 8%. This addenda [*sic*] shall serve as confirmation that should a sale of the real property . . . arise between [defendants] and the [p]urchaser[,] . . . a[n] 8% fee based on the [s]elling price, shall be

paid to [plaintiff] by [defendants] at the time of the transfer of title." Inasmuch as these provisions both constitute an admission that plaintiff brought about the sale and reflect an intent to benefit plaintiff as a third party, and defendants have failed to raise any triable issues of fact regarding their liability to plaintiff as third-party beneficiary, Supreme Court properly granted plaintiff's motion for summary judgment (*see Edward S. Gordon Co. v Blodnick, Schultz & Abramowitz*, 150 AD2d at 213; *Ficor, Inc. v National Kinney Corp.*, 67 AD2d at 659-660; *cf. Greene v Hellman*, 51 NY2d 197, 205-206 [1980]).

Defendants' remaining contention has been considered and found to be lacking in merit—"[t]he signer of a contract is conclusively bound by it regardless of whether he or she actually read it" (*Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 437 [2003]).

Peters, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.