■ SECURITY MUTUAL INSURANCE COMPANY, Appellant, v GEORGE E. PERKINS, Defendant, and PETER VROCHOPOULOS, Respondent. [927 NYS2d 189]—

Spain, J.

In May 2000, defendant George E. Perkins applied to plaintiff for a homeowners' insurance policy to insure a residence he was purchasing in the City of Schenectady, Schenectady County. The application asked whether Perkins had "any animals or exotic pets" and, although he owned a dog, he responded "no." Some two years later, defendant Peter Vrochopoulos (hereinafter defendant) visited the home, and the dog—a German Shepherd/ Pit Bull mix—bit him, causing significant injuries. Thereafter, defendant submitted a claim to plaintiff. Several weeks later, plaintiff notified Perkins that it was canceling his homeowners' insurance because it found that the property had become uninsurable due to the fact that Perkins was "[h]arboring a vicious dog—dog bite loss." Some 10 months later, after learning that Perkins owned the dog at the time he completed the application, plaintiff sought to rescind the policy and commenced this action seeking, among other things, a declaration that Perkins had materially misrepresented that fact and the policy was therefore void ab initio. After issue was joined, plaintiff moved for summary judgment. Supreme Court denied the motion, and plaintiff appeals.

We reverse. Even if unintentional, "if the insured made a false statement of fact as an inducement to making the contract and the misrepresentation was material," an insurer may rescind the contract and avoid liability (*Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 436 [2003]; *see* Insurance Law § 3105 [a], [b]; *McLaughlin v Nationwide Mut. Fire Ins. Co.*, 8 AD3d 739, 740 [2004]). However, a response to a particular application question will only be held to be a material misrepresentation if the question is "so plain and intelligible that any applicant can readily comprehend [it]," and any ambiguity will be construed against the insurer (*Nadel v Manhattan Life Ins. Co.*, 211 AD2d 900, 901 [1995]). Here, Supreme Court found the pet-ownership question unclear and construed the ambiguity against plaintiff. In that vein, defendant contends that the combined use of the terms "animals" and "exotic pets" deprived the former term of any clear meaning. Nevertheless, we find no ambiguity because, while a dog is not an exotic pet, it clearly is an animal, and

Perkins admitted that he understood that the term "any animals" included pet dogs.*

Additionally—and contrary to the determination of Supreme Court—our decision in *Stein v Security Mut. Ins. Co.* (38 AD3d 977 [2007]) does not preclude an insurer from rescinding an insurance policy, if, after canceling the policy following a loss, it later learns that the insured materially misrepresented facts in the insurance application. In *Stein*, the insurer learned that the insured had made a material misrepresentation on the application but, "[w]ith that knowledge in hand," the insurer chose to cancel—effective 33 days later—rather than rescind the policy (*id.* at 979). Prior to the effective date of the cancellation, a loss was suffered, and we held that the insurer's prior election to cancel barred it from thereafter rescinding the policy (*id.* at 978-979).

In contradistinction to the instant facts, when the loss in *Stein* occurred, the insured would have been prejudiced had the insurer been able to later rescind the policy, given the insurer's representation that it had affirmatively elected to continue coverage through the date of cancellation in spite of the availability of the remedy of rescission. Accordingly, Supreme Court herein erred in denying plaintiff's motion for summary judgment declaring that the policy is void ab initio.

Defendant's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's motion for summary judgment granted, and it is declared that the homeowners' insurance policy issued by plaintiff to defendant George E. Perkins is void ab initio.

---

* Perkins testified that he neither read nor personally filled out the application but averred that, had he been asked if he had "any animals or exotic pets," he would have responded affirmatively. Notably, his assertion that he did not read the application is irrelevant to the question of the materiality of the misrepresentation, as "[t]he signer of a contract is conclusively bound by it regardless of whether he or she actually read it" (*Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d at 437; *accord Prime Commercial, L.L.C. v Rogner*, 52 AD3d 1097, 1099 [2008]).