*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016                    522896
_____

ELIZABETH ALLARD, Now Known as
    ELIZABETH SHEFFER,
                        Respondent,

            v                                    MEMORANDUM AND ORDER

ROBERT THOMAS ALLARD,
                        Appellant.
_____

Calendar Date:  October 19, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

_____

        Anthony Buono, Valatie, for appellant.

        McNamee, Lochner, Titus & Williams, PC, Albany (Bruce J.
Wagner of counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the Supreme Court (Koweek, J.),
entered August 18, 2015 in Columbia County, which denied
defendant's motion to enforce the terms of the parties'
separation agreement.

        In 1989, the parties entered into a separation agreement
that was incorporated, but not merged, into a subsequent judgment
of divorce.  Pursuant to the separation agreement, which provides
that plaintiff was "entitled to sole and exclusive possession,
use and ownership of the marital residence," defendant
transferred title to the residence to plaintiff, and plaintiff
refinanced the note and mortgage in her name alone.  The
agreement further provides, in relevant part, that "[w]hen and if
the house is sold," defendant and plaintiff are to share equally

the equity or profit from the sale.  Thereafter, in the period from 1989 to 2007, plaintiff obtained additional loans against the subject property, significantly increasing the outstanding balance of the mortgages upon the property.  In 2014, defendant filed a postjudgment motion to enforce the separation agreement, alleging that plaintiff breached the terms of the agreement by obtaining the additional loans and thereby encumbering his contingent interest in the property.  Defendant's motion sought, among other things, an order directing the immediate sale of the property or, in the alternative, directing plaintiff to pay off the mortgages on the property.  Plaintiff opposed the motion arguing, as pertinent here, that it was time-barred and lacked merit.  Supreme Court denied defendant's motion as moot and did not reach the merits of the parties' claims.  Defendant appeals.

We find that defendant's motion was properly denied, upon distinct but similar grounds.  There is no dispute that under the plain language of the agreement, defendant is entitled to a share of the equity or profits resulting from a sale of the marital residence only "[w]hen and if" the residence is sold.  Thus, plaintiff is under no obligation to sell the home.  Defendant does not allege that there are any current plans to sell the residence, and plaintiff states that she never intends to do so.  Thus, Supreme Court correctly found that defendant was seeking an opinion "with regard to a possible future event that has not yet occurred," and that there is no presently existing case or controversy to be adjudicated.

Under the doctrine of ripeness, "[w]here the harm sought to be enjoined is contingent upon events which may not come to pass, [a] claim to enjoin the purported hazard is nonjusticiable as wholly speculative and abstract" (Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 240 [1984]; accord Saratoga County Chamber of Commerce v Pataki, 275 AD2d 145, 158 [2000]).  Here, the harm that defendant seeks to avoid – that is, the diminution of his share of the equity or profit that may someday result from a sale of the residence because of the encumbrances of plaintiff's loans – will occur only if the residence is eventually sold, a future contingency that may never come to pass.  Moreover, as plaintiff states that she plans to keep the

property and leave it to her children in her will, there is no "practical likelihood . . . that the future contingency will occur" (Prodell v State of New York, 211 AD2d 966, 967 [1995]). Accordingly, defendant's contentions are not ripe for review and are not justiciable (see Matter of Morris v Ciaramitaro, 13 AD3d 924, 924 [2004]).

Defendant nevertheless contends that an immediate, non-contingent controversy exists, as the parties' agreement provides that they will not "at any time in the future incur or contract any debt, charge or liability whatsoever for which the other party, or his or her property . . . is now or may become liable." Defendant asserts that the loans and mortgages constitute a present encumbrance on defendant's "property" — that is, his contingent share of the equity in the residence. Assuming without deciding that this assertion is valid, defendant's motion was in any event properly denied, as this claim is time-barred.

A separation agreement, incorporated but not merged into a judgment of divorce, is an independent contract legally binding on the parties (see Merl v Merl, 67 NY2d 359, 362 [1986]; Kleila v Kleila, 50 NY2d 277, 283 [1980]; Mills v Mills, 22 AD3d 1003, 1003 [2005]; Hoyt v Hoyt, 307 AD2d 621, 622 [2003]), and is thus subject to the six-year statute of limitations applied to contract claims (see CPLR 213 [2]; Merl v Merl, 67 NY2d at 362; Tauber v Lebow, 65 NY2d 596 [1985]; Chayes v Chayes, 28 AD3d 355, 356-357 [2006]). Contrary to defendant's argument, plaintiff's loans do not constitute a continuing wrong (compare Jensen v General Elec. Co., 82 NY2d 77, 85 [1993]), nor does the "discovery" rule apply to contract claims; rather, the "statutory period of limitations begins to run from the time when liability for [a] wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury" (ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc., 25 NY3d 581, 594 [2015] [internal quotation marks and citation omitted]; see Chayes v Chayes, 28 AD3d at 356-357). As defendant's claim accrued, at the latest, on August 6, 2007 — when plaintiff obtained her most recent loan — and he filed his notice of motion on October 22, 2014, the motion is time-barred.

We have considered the parties' remaining contentions and find them to be without merit.

Peters, P.J., Egan Jr., Rose and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court