Svatovic v Svatovic (2018 NY Slip Op 07932)





Svatovic v Svatovic


2018 NY Slip Op 07932


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Mazzarelli, Webber, Kahn, JJ.


312320/14 -100806/17 -4450 7377 7376

[*1] Jacqueline Shabot Svatovic, Plaintiff-Respondent-Appellant,
v
Zarko Svatovic, Defendant-Appellant-Respondent.
Zarko Svatovic, Plaintiff-Appellant,
v
Jacqueline Shabot Svatovic, Defendant-Respondent.


Zarko Svatovic, appellant-respondent/appellant pro se.
Thomas Torto, New York, for respondent-appellant/respondent.



Judgment of divorce, Supreme Court, New York County (Matthew F. Cooper, J.), entered March 22, 2017, which to the extent appealed from as limited by the briefs, after a hearing, determined pro se defendant husband's distributive share of the parties' former marital residence as $250,000, unanimously modified, on the law, to declare that enforcement of the parties' separation agreement is barred by the applicable statute of limitations and that all claims regarding the sale of the former marital residence and payment of equitable distribution therefrom are dismissed as time barred, without costs. The matter is remanded to Supreme Court for an amended judgment of divorce in accordance herewith, which shall also provide for husband to pay wife restitution in the sum of $250,000, the payment she made to avoid sale of the former marital residence. Appeal from order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about September 28, 2017, which transferred the action to Matthew F. Cooper, J., unanimously dismissed, without costs. Order, same court (Matthew F. Cooper, J.), entered on or about October 5, 2017, which, to the extent appealed from, granted defendant wife's motion to dismiss the complaint pursuant to CPLR 3211(a)(5), and denied sanctions, unanimously affirmed, without costs.
Husband's appeal and wife's cross appeal pertain to the judgment of divorce in a matrimonial action that wife commenced in 2014. Husband separately appeals from Supreme Court's dismissal of a subsequent contract action he commenced in 2017, after the parties were divorced. Husband also appeals from an order by Justice Braun transferring the contract action to Justice Cooper.
Justice Braun's order transferring the contract action to Justice Cooper is not appealable as of right because it was not rendered in connection with a motion made on notice to the parties (see CPLR 5701[a][2]). Since husband never sought leave to appeal, husband's appeal from that order is dismissed. Were we to reach the merits, we would find that the transfer was a provident exercise of discretion (see Drasser v STP Assoc., LLC, 90 AD3d 701 [2d Dept 2011]).
The most contentious issue framed by both of husband's appeals and wife's cross appeal concerns disposition of the former marital residence, a coop apartment in Manhattan that was [*2]purchased in 1981 for $135,000. At the time of trial, it was valued at approximately $2,000,000. Husband brought an order to show cause to compel the immediate sale of the apartment so he could collect a share of the proceeds pursuant to the parties' agreement. He claimed he was entitled to a share based upon the value of the apartment at the time of trial. Wife, however, opposed any sale of the apartment on the basis that enforcement was barred by the statute of limitations, or alternatively, that circumstances had changed in the time since the parties' agreement, rendering it unenforceable under the doctrines of laches and equitable estoppel. In her cross appeal, she seeks to recoup the payment she made to husband pursuant to the judgment to avoid having to sell the apartment. Alternatively, she claims that Supreme Court correctly decided that husband's distributive share regarding the apartment should be no greater than what a sale would have yielded had the apartment been sold in 2003 when their youngest daughter became emancipated.
The parties, now in their 70's, were married in 1974 and have two children. The apartment was purchased with wife's savings and gifts from her family. In 1994, husband moved out of the apartment and the parties entered into a separation agreement, formalizing their decision to live apart. The separation agreement, dated September 12, 1995, resolved the issues related to custody, support and equitable distribution. The apartment was their only marital asset.
It was agreed that wife could continue to reside in the apartment with the children until they attained 22 years of age, and then the apartment would be sold as "quickly" as possible. Upon sale, wife would be entitled to a separate property credit of $135,000 and a $100,000 property distribution from the net proceeds. Net proceeds in excess of $235,000 would be used to pay the children's college education expenses, and the remaining balance would then be divided equally between the parties as payment of their distributive shares.
The separation agreement required that wife make a $47,000 up front payment to husband as a condition for his agreement to sign over the shares of stock and proprietary lease to her. She made the necessary payment and obtained those documents. The parties also agreed that capital gains tax resulting from the future sale of the apartment would be paid solely by wife and deducted from her share of the net sale proceeds. Although husband agreed he would provide health insurance for the family, he was largely unemployed throughout the 20 years of their separation and he never met this obligation. It was wife who provided the family, including husband, with health insurance. He received this benefit throughout their separation, and the parties apparently never filed for divorce so husband could retain such insurance. Husband made representations to wife that she could continue to live in the apartment indefinitely and that it did not have to be sold because they would eventually bequeath it to their children. Almost immediately after their separation, husband married his girlfriend (BB) in Croatia. Once wife commenced this divorce action, husband rectified his illegal, simultaneous marriage to two different women by divorcing BB in Croatia.
At trial, husband sought to compel the immediate sale of the apartment and distribution of the sale proceeds, not only in accordance with the terms of the separation agreement, but also at its current value of approximately $2,000,000. Wife, however, was opposed to selling the apartment on the basis that since the parties' separation she alone had borne all the expenses attendant to maintaining the apartment, including assessments and any improvements and repairs that were needed. Although husband had made child support payments, they did not cover all of the child-related expenses, and his child support obligation had ended in May 2003 upon emancipation. Alternatively, wife sought to have husband's distributive share of the net proceeds from the sale of the apartment capped at what it would have been had the sale taken place in May 2003, when the condition for selling the apartment was met.
The trial court credited wife's testimony regarding husband's representations to her that he did not want a divorce and that she could continue to live in the apartment indefinitely because it was beneficial for him to have health insurance and they would bequeath the apartment to their children (see Melcher v Greenberg Traurig, LLP, 102 AD3d 497, 501 [1st Dept 2013], revd on other grounds 23 NY3d 10 [2014]). The court also credited wife's testimony that she had maintained the expenses for the apartment without any help from husband and paid most of their children's expenditures, also without contribution from him.
Finding that husband's delay in enforcing the separation agreement had prejudiced wife, the court decided that husband was barred under the doctrines of equitable estoppel and laches from compelling a sale of the apartment. The court also determined that husband was only entitled to a distributive share of the appraised value of the apartment as of May 2003. After applying certain credits due to wife, the court ordered that husband was entitled to a $250,000 payment from wife, which she paid. The trial court did not address wife's statute of limitations argument. In her cross appeal, wife seeks recoupment of that payment.
Notwithstanding that the parties' rights under their separation agreement had been adjudicated in the matrimonial action, in 2017, following entry of the judgment of divorce, husband commenced a separate contract action against wife, alleging breach of the separation agreement. He again sought the immediate sale of the apartment, despite the judgment of divorce specifying otherwise. After the case was transferred to Justice Cooper, wife moved to dismiss the action on the basis of res judicata and the statute of limitations; she also moved for sanctions. The court granted her motion to dismiss, observing that the issues raised in the contract action were identical to those fully litigated in the matrimonial action and that husband's claims were time barred by both the statute of limitations and res judicata. Wife's motion for sanctions was, however, denied.
Husband's claims in the divorce action are barred by the applicable statute of limitations. A separation agreement is a separate, enforceable contract, like any other, and it is subject to the six-year statute of limitations set forth in CPLR 213(2) (Tauber v Lebow, 65 NY2d 596, 598 [1985] [superceded by statute with respect to support payment arrears]; Allard v Allard, 145 AD3d 1254, 1256 [3d Dept 2016]; Matter of Scola, 118 AD3d 895, 896 [2d Dept 2014], citing Fade v Pugliani/Fade, 8 AD3d 612 [2d Dept 2004]; Chayes v Chayes, 28 AD3d 355, 356-357 [1st Dept 2006]). The parties' separation agreement required that the apartment be put up for sale and sold as quickly as possible once the children were emancipated. That condition was met in May 2003, and that is when husband's cause of action accrued, triggering the applicable six-year statute of limitations that applies to contract claims (see Scola at 896). The obligation to sell the apartment and distribute the proceeds was a fixed obligation at an ascertainable point in time (Makarchuk v Makarchuk, 59 AD3d 1094, 1095 [4th Dept 2009]). Rather than bringing legal action at that time, husband did not act. He failed to act and waited to pursue that claim until after the applicable six-year limitations period had expired. Since husband's claims are completely barred, he cannot compel a sale of the apartment, nor is he entitled to any distributive share of any interest he believes he has in the apartment.
Were we to reach wife's claim under the doctrines of equitable estoppel and laches, we would find that the same result concerning the sale obtains (see e.g. Jean v Joseph, 117 AD3d 989, 990 [2d Dept 2014]).
The subsequent breach of contract action was correctly dismissed by the motion court on the ground of res judicata and the statute of limitations. A valid final judgment bars future actions between the same parties on the same cause of action. The contract action involves the same parties and identical claims to those that were already decided in the divorce (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). All other claims arising from the separation agreement, including those related to wife's pension, are likewise barred by res judicata because husband failed to raise them in the matrimonial action (see Boronow v Boronow, 71 NY2d 284, 289 [1988]). The six-year statute of limitations also bars this action.
As the wife did not cross-appeal from the denial of her motion for sanctions against husband, we cannot award this relief (see Seldon v Spinnell, 95 AD3d 779 [1st Dept 2012], lv denied 20 NY3d 857 [2013]).
Wife is entitled to restitution of the $250,000 payment that she made to husband as a condition for the judgment of divorce entered March 22, 2017, allowing her the option of buying out husband's interest. We remand this matter to the trial court for an amended judgment in accordance herewith; such amended judgment shall provide for a money judgment in wife's favor in the amount of $250,000.
We have considered other arguments raised by husband in each of his appeals and find them unavailing.
M - 4450 - Svatovic v Svatovic Motion to strike reply brief
and allow submission of reply denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK